JACOB M. DICKINSON et al. Plaintiffs in Error, vs. THE INDUSTRIAL BOARD OF ILLINOIS et al. Defendants in Error.

*Opinion filed October 23, 1917.*

1. WORKMEN'S COMPENSATION—*when an employee of carrier is not engaged in inter-State commerce.* · A carpenter employed by an inter-State carrier who is injured while engaged in building the wooden forms for the concrete retaining walls which are to hold the filling material when the tracks of the carrier are elevated is not engaged in inter-State commerce, and his remedy, if any, is under the Workmen's Compensation act.

2. SAME—*not all the employees of an inter-State carrier are engaged in inter-State commerce.* If the work of an employee of an inter-State carrier constitutes a real and substantial part of inter-State commerce then he is engaged in inter-State commerce, but not otherwise.

3. SAME—*Workmen's Compensation act does not apply if injury was received in inter-State commerce.* · If an injury to an employee of an inter-State carrier occurs while he is engaged in inter-State commerce the Federal Employers' Liability act and not the State Workmen's Compensation act applies.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

WILLIAM J. WELDON, for plaintiffs in error.

JOHN J. POULTON, for defendant in error Emil Olson.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiffs in error are receivers of the Chicago, Rock Island and Pacific Railway Company, and on May 15, 1915, were engaged in the work of elevating the main tracks of the railroad in the city of Chicago on a right of way one hundred feet wide. Emil Olson was employed by them as a carpenter, building forms on the margins of the right of way, into which concrete was to be poured for the purpose of forming retaining walls. The forms were to be

removed after the concrete had set and the space between the walls was to be filled with material upon which the elevated tracks would rest, bridges being constructed across the intervening streets. The railroad was in use during the construction of the forms by many trains, both inter-State and intra-State. While he was at work sawing a timber the wind blew the dust into Olson's left eye, injuring the sight and causing a temporary total incapacity. On his application to the Industrial Board he was awarded compensation amounting to $143.55, and $67 for medical attention. The circuit court of Cook county having confirmed the award and certified the case to be one proper to be reviewed by this court, a writ of error was sued out for that purpose.

It is insisted that the injury did not arise out of the employment, and that the Industrial Board had no jurisdiction because the injury occurred while Olson was engaged in inter-State commerce. In his application the claimant, after stating that he was sawing timbers, at the time of the accident, for bracing the inside footing of the embankment wall, stated: "Description of accident and cause of injury?—Dirt or sawdust or some other foreign substance entered left eye." In his testimony he said: "I was sawing some timber for the footings there, you know, for bracing, and the wind was kind of strong that day and the dust was flying in my eye,—the left eye." The plaintiffs in error argue that Olson does not say that he got sawdust in his eye; that it cannot be assumed that he meant sawdust when he said dust, and that there was as much reason to presume that the injury was caused by ordinary dust blown about by the wind as that it arose out of any condition peculiar to the employment. His testimony shows the circumstances under which the accident happened. There was no cross-examination, and it is fairly to be inferred from the witness' language that the dust caused by his sawing flew into his eye.

The plaintiffs in error were operating an inter-State as well as an intra-State railroad, and if the work at which Olson was engaged at the time of his injury was a part of the inter-State commerce in which the receivers were engaged he is not entitled to compensation under the State Compensation law but only under the Federal Employers' Liability act, if at all. (*Staley* v. *Illinois Central Railroad Co.* 268 Ill. 356; *Chicago, Rock Island and Pacific Railway Co.* v. *Industrial Board,* 273 id. 528; *Illinois Central Railroad Co.* v. *Behrens,* 233 U. S. 473.) Not every employee of an inter-State carrier is engaged in inter-State commerce. If his work constitutes a real and substantial part of the inter-State commerce in which the carrier is engaged then the employee is engaged in inter-State commerce, otherwise not. (*Illinois Central Railroad Co.* v. *Behrens, supra; Pederson* v. *Delaware, Lackawanna and Western Railroad Co.* 229 U. S. 146; *Chicago, Rock Island and Pacific Railway Co.* v. *Industrial Board, supra.*) His employment need not be directly in the transportation of goods from one State into another or in the operation or movement of trains. If he is engaged in the operation, maintenance or repair of any of the instrumentalities used by the carrier in the transportation of goods from one State into another he is engaged in inter-State commerce. Section men repairing a track, carpenters repairing a bridge, machinists and car repairers working on engines and cars, and hostlers caring for engines, are engaged in inter-State commerce if the track, bridge, engines and cars are used in inter-State commerce. Their work has a direct and substantial connection with inter-State transportation and is an essential part of it. This cannot be said of Olson's work. It had no connection, even remote, with transportation. It was preliminary to the erection of a structure which might eventually form a part of a road-bed used in inter-State commerce. The forms were not instrumentalities of inter-State commerce, and the retaining walls, which had not yet

been built, could not be such instrumentalities until the filling which they were to retain and upon which the tracks were to rest had been deposited in place. Olson's work was a matter of indifference, so far as the inter-State commerce in which the plaintiffs in error were engaged was concerned, though the structure to be erected might eventually become an instrument of such commerce.

The judgment of the circuit court was right, and it is affirmed.

*Judgment affirmed.*