## GULF PIPE LINE CO. v. HUNT et al.

No. 21753. Opinion Filed March 31, 1931.

James B. Diggs, William C. Liedtke. Russell G. Lowe, Redmond S. Cole, and C. L. Billings, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and H. H. Thomas. for respondents.

CLARK, V. C. J. This is an original action filed in this court by petitioner to review the judgment and award of the State Industrial Commission, made and entered on the 5th day of September, 1930, against petitioner, and in favor of R. E. Hunt, respondent, wherein the Commission found that respondent was in the employment of the petitioner, engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law (Comp. St. 1921, sec. 7282, et seq., as amended), and that on the 6th day of March, 1929, respondent sustained an accidental injury arising out of and in the course of his employment; that by reason of said accidental injury, claimant sustained a total loss of vision or sight in his left eye, and the Industrial Commission awarded compensation at a rate of $18 per week for 100 weeks for the loss of sight or vision of the left eye.

The record discloses that respondent was working for petitioner and that he was bucking rivets on the bottom of a storage tank, and that a piece of steel flew off and struck respondent in the left eye. His fellow employees tried to remove said steel, but were not able to do so. That evening or night respondent went to a doctor, who thought he had removed said steel. but had failed. He later went to Dr. Echols, of McAlester, who removed two pieces of steel from respondent's eye.

The eye was treated for some time and finally the scar or cut caused by the steel healed, leaving a small scar; however, the entire vision of the eye was gone. The record discloses that prior to this the respondent had two good eyes; that he had had no trouble with the vision of the left eye. His vision was good and he had suffered from no other disability. Petitioner contends that the loss of the sight or vision of the eye was due to disease and not to injury. The Industrial Commission found that it was due to the injury. Petitioner contends that the testimony before the Industrial Commission is insufficient to support that finding. The evidence discloses that an examination of the eye by medical experts some four months after the accident disclosed a scar or evidence of some foreign substance entering the eye.

Dr. Echols, who treated respondent, stated in his report, dated July 5, 1929, which was admitted in evidence: "Foreign substance in left eye. Stuck in the eye while in the discharge of his duties as riveter. Substance embedded in the cornea. Treatment: Foreign substance removed, ulcer cauterized, antiseptic solutions, cold packs."

Respondent testified that prior to this injury he had not suffered with any disease in the past. Gertrude Adrian testified that she was the aunt of claimant below, respondent here, and that he had lived with her for years; that his left eye was normal before the injury and that he had shown no symptoms of disease.

Dr. W. A. Cook, witness for petitioner, testified that three months after the accident, on examination, he found a scar in the eye in the cornea—front part of the eyeball; that cornea was the covering of the eye.

Dr. Arthur Campbell, who had examined the respondent, stated:

"The only conclusion I could come to would be that the injury was the exciting cause of the injury to the eye."

The testimony of Dr. Echols was to the effect that a foreign substance—two pieces of steel—was extracted from the eyeball by him. This is corroborated by all the other doctors who examined the respondent months later, and they admitted that the eye still disclosed a scar.

All the doctors who examined respondent admit that he has lost the vision of the left eye. The question presented here is a question of fact—whether or not the loss of vision was the result of the injury. The Commission having found in favor of respondent, this court is without authority to weigh the evidence. and there is compe-

tent evidence to support the finding of the Industrial Commission.

Judgment and award affirmed.

LESTER, C. J., and RILEY, CULLISON, McNEILL, and KORNEGAY, JJ., concur.