**OLSEN DRILLING CO. et al. v. CLAXTON et al.**

No. 22477. Opinion Filed Sept. 22, 1931.

Rehearing Denied Nov. 24, 1931.

Randolph, Haver, Shirk & Bridges, for petitioners.

Leo J. Williams and M. J. Parmenter, for respondents.

LESTER, C. J. This is an original proceeding in this court to review an award of the State Industrial Commission in favor of the respondent, W. S. Claxton. Petitioners complain, first, that there was no written notice given by claimant as provided by section 7292, C. O. S. 1921; second, that the notice could have been given; third, that neither of the petitioners had actual notice of any injury.

The respondent herein filed his first notice with the State Industrial Commission as to his injuries and claim for compensation on April 3, 1931, stating that he received accidental injury on July 20, 1930, while in the employment of the Olsen Drilling Company, caused by a soft plug blowing out of one of the boilers injuring his ear drums, claiming further permanent partial loss of hearing. Petitioners denied his claim on the grounds above stated. Cause came on for hearing on June 4, 1931. The facts show that the claimant was employed by the petitioner on the 20th day of July, 1930, that one of the soft plugs blew out; that the respondent crawled between the boilers to repair it; that while so engaged strong steam came from the boiler making unusual noise; immediately thereafter he observed a roaring sound in his ears, but thought it would soon stop and would not become serious; that the condition of his ear would become normal. The evidence shows his driller or boss of the operation was present at the time. Respondent testified that he notified the company within 20 or 30 days; however, this testimony was denied by the driller and bookkeeper of the company.

It is true that the testimony of the respondent as to giving notice was slight, and in some respect contradictory, but the Commission viewed this testimony, in the manner in which same was given, and this court will not weigh conflicting evidence, but will review the evidence for the sole purpose of determining if there is any competent evidence to support the finding of the Commission. Gulf Pipe Line Co. v. Hunt, 148 Okla. 65, 297 P. 266.

Passing to the question that the employee must give written notice of the accident within 30 days is mandatory, and the employee must conform to this rule, unless he is excused from so doing. How then may he excuse himself in order to be entitled to the benefits of compensation under the act? He may show that notice for some sufficient reason could not be given, or by showing that the insurance carrier or employer had not been prejudiced thereby. We find from an examination of the record that Dr. J. W. Shelton qualified as an expert ear specialist on behalf of the claimant. He testified in his opinion that the deafness was due to accident of which he had a history, that it was a nerve deafness (record 26):

"Q. Would that, if it is so that his hearing did grow worse, would that be the natural result of such an injury? A. Yes, sir, and in almost 100 per cent. of these cases they are progressive with or without treatment. In fact, we have no treatment that we can offer in these cases. Q. Then following the accident there could have been no treatment that would have helped his condition? A. None that I know of."

Dr. Westfall testified:

"Q. Doctor, you are a specialist and treat ear cases; now, if a man would come to you immediately after he first noticed such a condition; noticed that he was getting a loss of hearing, wouldn't you make an examination or diagnosis, and isn't it the usual thing to put them on a treatment of some kind? A. Generally speaking, that would be true, but not necessarily true in this particular case; however, generally speaking, that would be true. Q. In your experience, where you put a man on treatment, immediately following his first notice of loss of hearing, what has been your experience, is there some improvement or recovery? A. That depends altogether on the exact condition found. If there had been a ruptured ear drum, it should have been taken care of. If his loss of hearing is due to chronic catarrhal otitis media treatment might or might not be of any benefit at all. If he had been subjected to a reasonably high pressure, treatment would not be of any benefit in a case of that sort, except if he had pain, then it would be necessary to relieve his pain."

Assuming, but not deciding, that the evidence is insufficient to show that petitioners had actual notice of the accident and resulting injury, yet, under the facts in this record, it is to be noted that evidence appears, showing the petitioners were not prejudiced by failure to give notice as pro-

vided in such cases. In light of the above testimony, petitioners could not have been prejudiced by the fact that they had no opportunity to treat the claimant due to the fact that treatment would not have relieved this injury. It stands that if the petitioners were not prejudiced by failure of the notice of the injury, they could not be prejudiced by the failure to have an opportunity to investigate the accident, as the evidence discloses that the driller, the claimant's immediate superior, was present when the plug blew out, observed the claimant's going between the boilers to check the escaping steam, and saw him come out after the steam was under control and repair completed. It is true that the evidence as to Mr. Claxton's informing his employer that he sustained the injury is conflicting, yet we find that the blowing out of the soft plug on the boiler was within the actual knowledge of the petitioners as the immediate superior of the claimant was present; therefore, the petitioners could not have been prejudiced by failure of chance to investigate the accident. From what has been said, it is clear to our minds that the claimant sustained the burden of proof in showing his employer was not prejudiced by failure to give notice as required under section 7292, supra.

The burden of proof having been met by the claimant, the burden then shifted to the employer to show he or they were prejudiced. The record fails to disclose any such showing on the part of the petitioners.

In the case of Olson Drilling Co. v. Tryon, 150 Okla. 18, 300 P. 663, it is said:

"A finding of fact made by the Industrial Commission upon issues of fact involved in trial of a cause is final, and this court is not authorized to weigh the evidence on a review of the judgment or award to determine the sufficiency thereof.

"In an action to inforce compensation for an injury to an employee under the Workmen's Compensation Law, where it appears that no written notice of the injury was given, as required by section 7292, C. O. S. 1921, a want of prejudice to the employer by reason of failure to give the written notice sufficiently appears where it is shown that the employer had actual notice of such injury soon after it occurred, and with full knowledge of the injury omitted to administer any relief; and where the employee makes proof of such actual notice of his injury, the burden of proof then shifts to the employer to show that, in spite of such actual notice, he is still prejudiced by the failure to give the written notice."

For the reasons stated, the award of the Industrial Commission is affirmed.

CLARK, V. C. J., and HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.

RILEY, J. I concur in conclusion, under the view that the workman sustained the burden of adducing evidence to warrant excuse of failure to give notice of injury as required by section 7292, C. O. S. 1921.

CULLISON, J., dissents. ANDREWS, J., absent.