### INDIAN TERRITORY ILLUMINATING OIL CO. v. SEVERE et al.

No. 23044. Opinion Filed April 19, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioner.

Mike Foster and Clay M. Roper, for respondents.

KORNEGAY, J. This is an original proceeding .to review an award of the Industrial Commission, made in this case on the 13th of October, 1931, as follows:

"1. That on the 13th and 14th day of February, 1931, the claimant herein was in the employ of this respondent and engaged in the performance of manual labor as defined by the Workmen's Compensation Law; that arising out of and in the course of said employment, the claimant, on February 13 and 14, 1931, sustained an injury to both ears while working around the Mary Unsell No. 4 wild well;

"2. That the average wage of claimant at the time of said injury was $4.24 per day;

"3. That the claimant lost no time beyond the statutory 5-day waiting period by reason of said injury;

"4. That the respondent, through its duly authorized agents, had actual knowledge of said injury within a week thereof and that any lack of formal written notice has not resulted in any prejudice to the respondent herein;

"5. That as a result of said accidental injury of February 13 and 14, 1931, the claimant has sustained a disability consisting of permanent partial loss of hearing, for which he is entitled to compensation in the sum of $800.

"The Commission is of the opinion: Upon consideration of the foregoing facts, that claimant is entitled to compensation in the sum of $800 for the loss of hearing sustained on the 13th and 14th day of February, 1931. while working on the Mary Unsell No. 4 wild well, said compensation to be paid at the rate of $16.31 per week, beginning on the 5th day of October, 1931.

"It is therefore ordered: That within 15 days from this date, the respondent herein pay the claimant, C. M. Severe. the sum of $16.31, compensation from October 5. 1931, to October 12, 1931, and continue said payments weekly at the rate of $16.31 per week, until compensation in the total sum of $800 has been paid for the loss of hearing sustained by said claimant on the 13th and 14th day of February, 1931, while working near the Mary Unsell No. 4 wild well. and pay all reasonable medical bills incurred by claimant by reason of said. injury.

"It is further ordered: That within 30 days from this date, the respondent herein file with the Commission receipt or other proper report evidencing compliance with the terms of this order."

The matter has been briefed by the petitioner under two propositions. the first being that a disability resulting from a certain employment that is in itself hazardous is not a compensable disability under . this court's construction of the Workmen's Compensation Law (Comp. Stat. 1921. sec. 7282, et seq., as amended), unless such disability resulted from an accidental injury. There is

cited under that proposition two cases, as follows: St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170, and United States Gypsum Co. v. McMichael, 146 Okla. 74, 293 P. 773. From these the deduction is made and the 7th subdivision of section 7284, C. O. S. 1921, as amended by Laws 1923, c. 61, sec. 2, prescribes as follows:

"7. 'Injury or personal injury' means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom."

The argument is that this injury in the present case must be an accidental injury, and that because it did not suddenly occur as a result of some kind of an explosion or sudden misadventure, damages are not recoverable. The testimony of the doctor is cited, and also several illustrations are made, as found in cases from other jurisdictions.

The other side is equally positive in its view of the matter that this is an accidental injury, and cites cases from this court in support of this view: Cowan v. Watson, 148 Okla. 14, 296 P. 974, requiring liberal construction on behalf of the injured workman; and also the case of Olson Drilling Co. v. Claxton, 152 Okla. 293, 4 P. (2d) 1045, wherein a boiler plug blew out, and there was unusual noise therefrom, and also the sunstroke case, and some of the exposure cases, and the Mahon Case, 152 Okla. 72, 3 P. (2d) 844, and some poison cases.

The cases seem to turn upon the proposition as to whether or not the injury is what might be classed as an occupational disease, or the result of things unusual and unexpected. As applied to the present case, the fact that the well was wild is strongly indicative of its being out of the ordinary. It could scarcely be claimed in the present case that the injury here incurred was occupational in character, in view of the fact that two or three instances of wells like these are about the only ones that have occurred in the experience of the oil industry in Oklahoma. We think the evidence shows that the Commission was right in holding that this was an accidental personal injury, within the meaning of the Workmen's Compensation Law of this state:

Proposition No. 2 is as follows:

"Where the evidence discloses that notice of the happening of an alleged injury was not given to the employer within the time and manner prescribed by law, there arises a presumption of prejudice to the rights of such employer, and such presumption and prejudice will preclude recovery unless the claimant offers affirmative proof that the employer was not so prejudiced."

In the present case the finding of the Commission is that the employer had notice. It is hard to see how the employer, under the results in the wild well cases, would not have notice that the hearing of every man connected with it was at least temporarily impaired, though it might not have had notice as to the particular individual involved. However, the evidence in this case indicates very strongly that in the particular case the officials of the company did have notice.

Something is said about going to a doctor, but evidently, from the general course of the evidence, the effects of the unusual exposure in this case could not have been obviated very well by medical treatment. Precaution should have been taken in advance. It is true that some were not injured permanently, while others were. The extent of the injury in each individual case largely would depend upon the physical condition of the party, and also upon how he happened to come in contact with the excessive noise. We might not know whether the theory of the injury was explosion or a constant bombardment, as distinguished from one that was recurrent, but the effect in this case appears to have been established, and it appears to have been unusual and unexpected. Perhaps at common law there might have been a recovery on a theory of an unsafe place in which to work, and a lack of warning, but court procedure and common-law principles seem to have been merged in the Workmen's Compensation Law into an absolute liability that could be insured against, and which was required to be insured against, with reference to injuries in employment that are classifiable as accidental under the law.

We are required by the Workmen's Compensation Law to indulge presumptions that the injury comes within the act. The Commission found that it did. The evidence warrants such finding. We would have no right to disturb it, and so far as the notice is concerned, the same presumption exists with reference to it, and the surroundings here are such that we are unable to see that the Commission did wrong in making the award on the ground of insufficiency of notice.

The award is therefore affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. ANDREWS, J., dissents. LESTER, C. J., absent.