## INDIAN TERRITORY ILLUMINATING OIL CO. v. WELCH et al.

No. 23043. Opinion Filed April 19, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioner.

Mike Foster and Clay M. Roper, for respondents.

KORNEGAY, J. This is an original proceeding to review the award of the Industrial Commission in one of the wild gas well cases happening near Oklahoma City.

The brief on behalf of the petitioners appears to fairly well express what is in the record, and we therefore extract from it the following:

"On August 5, 1931, Thalar Welch filed a claim with the State Industrial Commission. In this claim the allegation was made that on February 13 and 14, 1931, the claimant had suffered a permanent deafness to both ears, due to the roaring of a wild oil well, known as Mary Unsell No. 4, located in the oil field adjacent to Oklahoma City.

"In answer to the claim filed by the claimant, your petitioner interposed the following defense:

" 'Comes now the respondent, and for answer to claimant's petition herein, denies that the claimant suffered an accidental injury arising out of and in the course of his employment.

" 'Answering further, respondent, while not

admitting that the claimant suffered an accidental injury arising out of and in the course of his employment, alleges and states that if said injury did occur that the respondent did not receive notice of said injury by the claimant within the time prescribed by the Compensation Law of the state of Oklahoma, and that by reason thereof the rights of the respondent have been prejudiced.

" 'Wherefore, respondent having fully answered, prays that the claim of the claimant be dismissed.

" 'Indian Territory Illuminating Oil Company.

" 'J. M. Cannon, M. D.,
"Superintendent Industrial Claims.'

"The parties being at issue, the Industrial Commission accordingly ordered a hearing, and after legal notice, hearings were held on September 24 and 25 and October 5, 1931, before Inspector Lon Morris. Pursuant to such hearings, the Commission on October 13, 1931, filed the order and award which is made the subject of the appeal to this court. The order, omitting the caption, is as follows:

" 'Now, on this 13th day of October, 1931, the State Industrial Commission being regularly in session, this cause comes on for consideration, pursuant to hearings had at Oklahoma City, Okla., on September 24 and 25 and October 5, 1931, before Inspector Lon Morris, duly assigned by the Commission to conduct such hearing to determine liability and extent of disability, at which hearing the claimant appeared in person and by his attorneys, Foster & Roper, the respondent being represented by C. B. Pierce, and the Commission, having reviewed the testimony taken at said hearings, examined and considered the records on file in said cause, and being otherwise well and sufficiently advised in the premises, finds:

" 'That on the 13th and 14th days of February, 1931, the claimant herein was in the employ of this respondent and engaged in the performance of manual labor as defined by the Workmen's Compensation Law: that arising out of and in the course of said employment, the claimant, on February 13 and 14, 1931, sustained an injury to both ears while working around the Mary Unsell No. 4 wild well.

" '2. That the average wage of claimant at the time of said injury was $4.24 per day.

" '3. That the claimant lost no time beyond the statutory 5-day waiting period by reason of said injury.

" '4. That the respondent, through its duly authorized agents, had actual knowledge of said injury within a week thereof, and that any lack of formal written notice has not resulted in any prejudice to respondent herein.

" '5. That as a result of said accidental injury of February 13 and 14, 1931, the claimant has sustained a disability consisting of permanent partial loss of hearing, for which he is entitled to compensation in the sum of $800.

" 'The Commission is of the opinion: Upon consideration of the foregoing facts, that claimant is entitled to compensation in the amount of $800, for the loss of hearing sustained on the 13th and 14th days of February, 1931, while working on the Mary Unsell No. 4 wild well, said compensation to be paid at the rate of $16.31 per week, beginning on the 5th day of October, 1931.

" 'It is therefore ordered: That within 15 days from this date, the respondent herein pay the claimant, Thalar Welch, the sum of $16.31 compensation from October 5, 1931, to October 12, 1931, and continue said payments weekly at the rate of $16.31 per week until compensation in the total sum of $800 has been paid for the loss of hearing sustained by claimant on the 13th and 14th days of February, 1931, while working near the Mary Unsell No. 4 wild well, and pay all reasonable medical bills incurred by claimant by reason of said injury.

" 'It is further ordered: That within 30 days from this date the respondent herein file with the Commission receipt or other proper report evidencing compliance with the terms of this order. (R. 110-111).'

"Within the time provided by law for appeals, your petitioner commenced this proceeding, assigning the following specifications of error:

" '1. The State Industrial Commission is wholly without jurisdiction to make the order complained of.

" '2. The said order is illegal and contrary to law.

" '3. The purported findings of fact contained in said order do not support the order and award.

" '4. The purported findings of fact contained in said order are not reasonably supported by any competent evidence.

" '5. The award is not reasonably supported by any competent evidence.

" '6. The proof does not show and no finding was made by the Industrial Commission that the respondent, Thalar Welch, sustained an accidental injury arising out of and in the course of the employment by the petitioner, Indian Territory Illuminating Oil Company. and therefore the State Industrial Commission did not acquire jurisdiction to make an award under the Workmen's Compensation Act.'

"The evidence before the Commission disclosed the following facts: On February 13. and 14, 1931, the claimant, in company with about 30 or 40 other employees, under the direct supervision of Gus Shofner, con-

nection foreman, was engaged in work connected with the capping of an oil well which had broken through the connections. This gang of men, including the claimant, started to work on this well early on the morning of February 13th and the well was capped sometime in the afternoon of February 14th. While the well was flowing wild, the escape of gas and oil caused a roaring noise which could be heard a considerable distance from the well.

"The claimant worked in the presence of this noise, altogether, for about 20 hours. The medical testimony was to the effect that the exposure to this noise over such period of time had resulted in a permanent partial deafness in both ears."

The propositions are: First, that by reason of this not being an accidental personal injury, it was not compensable under the Workmen's Compensation Law (Comp. Stat. 1921, sec. 7282, et seq., as amended). Several cases are cited from this court, as well as from other courts. An examination of them, however, is not convincing that the facts in this case do not bring the injury within the provisions of our own Workmen's Compensation Law. There is a wide variance between the various acts on the subject, and about the only way one can judge of a case is to examine the statute on which it is based, and also the facts out of which the legal declarations, ordinarily called case law, have come. A review of these cases is convincing that the Industrial Law might be likened to a bark in tidal water, with its ebb and flow. Industrial Commissions inclined towards the laborer, and Industrial Commissions inclined towards the insurance carrier and towards the employer largely affect its application, and the same thing might be said about the courts that pass upon the cases, especially when one views the difference disclosed between majority opinions and dissenting opinions.

Again, a third factor seems to have come into the cases that are here used as citations, wherein the Legislature has provided that, though the higher court may review and reverse, it cannot render judgment in industrial cases. We do not deem it necessary here to elaborate in detail the proposition as to whether or not, under the statutory definitions here, as well as the general definition of the word "accident," the facts bring the case within the Industrial Law that we have, in view of our own decisions on the matter that are cited in the two briefs that we have before us.

A wild well like the Unsell well, which is involved in this case, is out of the ordinary. Stress is laid upon the proposition that the cause of the injury was not sudden, like an explosion. Evidently, however, it was millions of contacts of sound waves hitting on unprotected ear drums that caused the trouble in this case.

The claimant in this case has filed a brief and cites several cases passed on by this court holding that an injury similar to the one here involved could well be classed as an accidental injury, and we do not deem it necessary to undertake to distinguish the various forms of language that appear in the cases, depending largely upon the individuality of the Justice preparing the opinion. The cases of Cowan v. Watson, 148 Okla. 14, 296 P. 974, Olson Drilling Co. v. Claxton, 152 Okla. 293, 4 P. (2d) 1045, and the sunstroke case, and the lightning case, and the cases announcing that the questions before the Commission were sometimes legal questions and sometimes questions of fact, and sometimes a mixture, appear persuasive, in effect authoritative. Some of the cases discuss "accident" as distinguished from a term indicating a gradual wearing down as the result of an occupation.

As applied to the present case, the date of the injury can be fixed, the occasion of the injury can be fixed, and undoubtedly it was not expected, and it was unusual, and arose out of the employment, and the labor was highly essential for the protection of the property of the employer, as well as the safety of the general public.

A second ground of complaint contained in the brief, is the failure to notify the employer within 30 days. So far as actual notice is concerned, as to what was happening, everybody in the community must have known it. So far as the wild well being the occasion of injuring the hearing of the men employed around it, the company's head men would have had to close their ears with a good deal more than cotton and some hard oil to have failed to get knowledge of the fact that practically every man on the job found himself so that he could not hear for quite a while afterwards, some recovering and some not. However, in this particular case, the men on the job and in charge of the work knew all about it, and notice to them, under the statute, appears, according to the decisions, to be sufficient notice to the company.

Perhaps, had the company been notified by each and every man whose hearing was affected, it might have resulted in some betterment of the condition of the injured worker but, under the evidence in this case, it does not seem that anything outside of natural restoratives did any good. We fail to see, therefore, that there was any prejudice that accrued to the operator by reason of not serving a written notice in

246

30 days' time, even though it were conceded that a notice to the men in charge of the work was not given. The Commission found a sufficient excuse on behalf of the laborer so that he was not barred.

With reference to presenting a claim, everyone connected with this matter appears to have indulged the hope that that which they all knew, namely an interference with hearing power, would pass away, if not in a few days, at least in a few weeks. But the evidence in this case shows, according to the examiner of the ear drums and canals and connections, that there was permanent injury, and when this was discovered and the claimant was assured of it, he filed a notice with the Commission, and they had an investigation, resulting in the award that has heretofore been quoted.

We find no reason for reversing this award for the lack of notice. We find no reason for interfering with the findings of the Commission, and we, therefore, think the award should be affirmed, and it is accordingly affirmed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., concurs in the result. HEFNER and ANDREWS, JJ., absent.