New Jersey Department of Labor,
Workmen's Compensation Bureau.

MICHAEL CASTAGNO, PETITIONER, v. LAVINE EXPRESS, RESPONDENT.

Decided January 15, 1935.

For the petitioner, *Joseph H. Kenny.*

For the respondent, *J. Webster Jones.*

A formal petition having been filed claiming compensation under and by virtue of the Workmen's Compensation act of the State of New Jersey, with supplements thereto and amendments thereto; and an answer having been filed and the parties having appeared before me this 18th day of July, 1934, and having heard the facts and circumstances relating thereto, I, John C. Wegner, a deputy commissioner of New Jersey, do hereby find and determine as follows:

1. That the petitioner was employed by the respondent as a helper on an automobile truck and that on March 22d, 1934, his duties consisted of working on said automobile as a helper.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

3. That on or about March 22d, 1934, petitioner sustained permanent injury as a result of the accident and that the said accident consisted of petitioner catching his hand

between two barrels while unloading and that said accident arose out of and in the course of petitioner's employment.

4. That the petitioner had actual knowledge of the occurrence of said injury.

5. That as a result the petitioner received injuries to his right hand causing no temporary disability but received a disability permanent in quality and partial in character.

\*         \*         \*         \*         \*         \*         \*

7. I further find that the contract of hire signed by the petitioner at the time of his employment by the respondent is illegal. Under the New Jersey Workmen's Compensation act neither employer nor employe has the right to make any other arrangement than that set forth in section 2 of the Compensation act in lieu of the legal liability set forth in section 1. The law specifically states that no such agreement shall be valid. Contract of employment in this state must be controlled by the federal statute or by section 1 of the Compensation law of New Jersey or by section 2 of the said law. Attention is directed to the case of *John Hancock Mutual Life Insurance Co.* v. *Lieb et al.,* 165 *Atl. Rep.* 720.

The contract of hire sets forth that the respondent is a corporation under the laws of the State of New Jersey engaged in the business of "common carrier." The case of *Higgins* v. *Erie Railroad,* 89 *N. J. L.* 629; 99 *Atl. Rep.* 98, holds that express companies engaged in transporting merchandise for hire is not a "common carrier by railroad." The *dicta* in this case reads as follows: The Wells Fargo Express Company manifestly does not fall within the purview of the act of congress relied upon by the plaintiff for which it is not a common carrier "by railroad" which class above the statute applies and therefore as to this defendant the nonsuit was correct. The contract of hire further uses the term interstate commerce. If reference is made to Federal Employers' Liability act it will be noted that same restricts interstate commerce carriers solely to steam railroads and the ruling of the United States Supreme Court in the case of *Wells Fargo Express Co.* v. *Taylor,* 254 *U. S.* 175, so holds.

8. I further find that the release executed by the petitioner is illegal as it is contrary to the Workmen's Compensation act and it further does not stipulate the sum certain therein.

It is therefore on this 15th day of January, 1935, ordered, that judgment final be entered in favor of the petitioner, Michael Castagno, and against the defendant, Lavine Express.

\*          \*          \*          \*          \*          \*          \*

JOHN C. WEGNER,
*Deputy Commissioner.*