RAILWAY EXPRESS AGENCY v. WOOTEN et al.

No. 31701. May 29, 1944.

149 P. 2d 335.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, all of Oklahoma City, for petitioner.

Claud Briggs, of Oklahoma City, and

Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On September 24, 1943, James W. Wooten, hereinafter called respondent, filed his first notice of injury and claim for compensation, stating that on July 8, 1943, he sustained an accidental injury arising out of and in the course of his employment with the American Railway Express Agency, hereinafter called petitioner, while attempting to unload a 24-inch gate valve from a truck to the platform of the express agency. On the 13th day of December, 1943, the State Industrial Commission, after conducting a complete hearing, entered an award for temporary total disability, and this proceeding is brought to review the award. The nature and extent of the disability is not involved in this proceeding.

The petitioner presents two propositions. It is first argued that the employment of the respondent with the Railway Express Agency is not one of those listed as hazardous by 85 O. S. 1941 §§ 2 and 3.

We have never determined in this state whether an express company is within the terms of the Workmen's Compensation Law. In the absence of congressional legislation the settled general rule is that, without violating the commerce clause, the states may legislate concerning relative rights and duties of employers and employees while within their borders, although engaged in interstate commerce. Valley Steamship Co. v. Wattawa, 244 U. S. 202, 37 S. Ct. 523, 61 L. Ed. 1084; Holly v. Industrial Commission, 142 Ohio St. 79, 50 N. E. 2d 152. Express companies have been included within the employments covered by the Workmen's Compensation Law of various states, some by definite statutory provision and some by judicial definition. Buckingham Transportation Co. v. Industrial Commission, 93 Utah, 342, 72 P. 2d 1077; Holly v. Industrial Commission, supra; Castagno v. Lavine Express, 13 N. J. Misc. 88, 176 Atl. 679; Pushor v. American Ry. Exp. Co., 149 Minn. 308, 183 N. W. 839. If the petitioner was covered by the Workmen's Compensation Law, it is because it was specifically named in the statute or the employment is such as reasonably brings it within the definition thereof. Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294. The evidence discloses that the petitioner operated motor vehicles in connection with its business. A part of the employment of the respondent was to drive and operate the motor vehicles in connection with the employment in the case at bar. On the date of the injury he had gone with another employee to a customer of petitioner, obtained the 24-inch gate valve, and had returned with the same to the platform of the petitioner at its railroad office. We therefore hold that the respondent as an employee of the petitioner is covered in one of the employments under the clause in 85 O. S. 1941 § 2, which reads:

" . . . motor vehicles operating as motor carriers for the transportation of passengers or property for compensation."

Petitioner cites and relies upon Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 S. Ct. 93, in which it is held that the employee of the express company was not an employee of the railroad, and therefore not within the Employer's Liability Act. The exception to the general rule above stated, that there is nothing prohibiting the regulation of the relation of employer and employee of express companies simply because they are engaged in interstate commerce, is expressly limited by the rule that where Congress has passed legislation directly placing an employee under the Employer's Liability Act, recourse must be had by said employee to said act, and that his employment cannot be governed by the Workmen's Compensation Law. Wells Fargo & Co. v. Taylor, supra; Dickinson v. Industrial Board of Ill., 280 Ill. 342, 117 N. E. 438. Since Wells Fargo & Co. v. Taylor, supra, specifically holds that the employment with an express company is not within the terms of the Federal Employer's Liability Act, it does not conflict with the rule that employees coming under

the Federal Employer's Liability Act have been specifically provided for by Congress and cannot be included under the State Workmen's Compensation Law.

It is next argued that the respondent is estopped by reason of his fraudulent concealment of a prior physical disability, which fraud was perpetrated when he took his first examination to obtain employment with the petitioner. Respondent argues that this question is presented for the first time in the Supreme Court. It is certain that the record contains no evidence that the question was "adjudicated" or otherwise decided by the State Industrial Commission. The direction to determine a cause in the State Industrial Commission is statutory and the only penalty against the right of an employee to be awarded compensation for a disability is set out in 85 O. S. 1941 § 11, wherein it is provided that an award shall not be granted where there was a willful injury perpetrated by the employee or where the employee failed to use mechanical devices provided for his safety and where the injury was caused solely by the intoxication of the injured employee. However, in the case at bar we find nothing in the record which reasonably tends to disclose any fraud perpetrated by the respondent against the petitioner which would require the necessity of the finding of fraud or estoppel.

These are the two allegations of error presented in the petition and argued in the brief of petitioner.

The award of the State Industrial Commission is sustained.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, HURST, and DAVISON, JJ., concur.