RAILWAY EXPRESS AGENCY v. WOOTEN et al.

No. 32039. May 29, 1945.

*159 P. 2d 230.*

Rainey, Flynn, Green & Anderson and M. M. Gibbens, all of Oklahoma City, for petitioner.

Claud Briggs, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This proceeding was commenced by Railway Express Agency, Incorporated, hereinafter called petitioner, to review an award made to James W. Wooten by reason of an accidental injury arising out of and in the course of the employment with the petitioner.

On September 24, 1945, respondent filed his first notice of injury and claim for compensation, stating that on July 8, 1943, he sustained an accidental injury arising out of and in the course of his employment while attempting to unload a 24-inch gate valve from a truck to the platform of the express agency. On the 13th day of December, 1943, the State Industrial Commission, after conducting a complete hearing, entered an award for temporary total disability, and a proceeding was brought to review the award. The same was sustained. Railway Express Agency v. Wooten, 194 Okla. 250, 149 P. 2d 335.

Subsequently this proceeding was brought to determine the permanent disability, and on the 23rd day of October, 1944, the State Industrial Commission entered an award finding that the respondent had sustained a 60 per cent disability of the whole body under the provisions of 85 O.S. 1941 § 22, as amended, providing for awards in "other cases" for the percentage of total disability of the whole man.

The evidence discloses that since the last award the respondent has a permanent disability. Dr. Harris testified that in his opinion respondent's disability was 65 to 75 per cent; that it was a result of the accidental injury of July 8, 1943. The contested question of fact presented at the proceeding to determine the extent of permanent disability dealt extensively with whether or not the permanent condition which is established by the evidence is the result of the accidental injury of July 8, 1943, or the result of an arthritic condition pre-existing independently or probably caused by a former injury received while working with another company. The question was determined in Railway Express Agency v. Wooten, supra. This testimony of the medical expert witness above referred to is also supported by that of Dr. Morrison. The testimony of expert witnesses for the petitioner tended to support their theory that the permanent disability was the result of the former condition. This question of fact was resolved in favor of the respondent and by this finding we are bound where the same is supported by any competent evidence reasonably tending to sustain it. Capshaw v. Lawson, 194 Okla. 237, 149 P. 2d 333; Southern Ice & Utilities Co. v. Barra, 182 Okla. 214, 77 P. 2d 55; Superior Oil Co. v. Swimmer, 177 Okla. 396, 60 P. 2d 734.

The award of the State Industrial Commission is sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.