**WICKHAM PACKING COMPANY,**
Petitioner,

v.

**Lora MORGAN and the State Industrial Court, Respondents.**

No. 41414.

Supreme Court of Oklahoma.

Feb. 8, 1966.

Robert H. Macy, Ada, for petitioner.

Walter E. Liebel, Liebel & Shumake, Oklahoma City, Charles Nesbitt, Atty. Gen., for respondents.

LAVENDER, Justice.

This is an original proceeding brought by Wickham Packing Company, own risk, to review an order of the State Industrial Court in favor of Lora Morgan, claimant. The order of the State Industrial Court contained findings that the claimant sustained an accidental injury arising out of and in the course of her employment which

resulted in 80 per cent loss of hearing in her left ear and 40 per cent loss of hearing in her right ear.

The facts showed that the claimant was employed by respondent, Wickham Packing Company, and in August, 1964, she was pulling a tub of chili through the doorway of her employer's establishment when one of the swinging doors swung closed and hit her on her left ear knocking her against the other swinging door, hitting her right ear. The accident addled her, and she had a severe headache, and in a day or two, she noticed that she was having difficulty hearing.

The claimant was first examined by Dr. P and then by Dr. C. The claimant relies on the testimony of Dr. C, and the respondent relies on the medical report of Dr. P. Both of these doctors were selected by the claimant.

The respondent contends that the finding of the State Industrial Court that the claimant suffered 80 per cent loss of hearing in her left ear and 40 per cent loss of hearing in her right ear is not supported by competent evidence. This requires a review of the medical evidence.

The first doctor that examined the claimant stated, in his medical reports, that the impact of the swinging doors had nothing to do with her hearing impairment. It was his opinion that the damage and loss of hearing was caused by infection. He estimated a 50 per cent loss of hearing in her left ear.

Dr. C, the second doctor to examine the claimant, testified that the claimant had essentially a total loss of hearing in the left ear and 82.5 per cent loss of hearing in the right ear. Regarding the cause of loss of hearing, Dr. C testified as follows:

"Q. And was that (deafness) as a result of the blow to the ears she described?

"A. And from the history, and it developing so soon after the injury, you couldn't help but conclude that it was due to the injury.

"Q. And it is your opinion that it was due to the injury, Doctor?

"A. As I just testified, you couldn't help but concluding it was due to the injury."

 We have held many times, where the disability is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must be proved by the testimony of skilled professional persons, and a finding of fact based thereon will not be disturbed if supported by competent evidence. Skelly Oil Company v. Admire, Okl., 293 P.2d 349.

We conclude that the findings of the State Industrial Court are supported by competent evidence.

Award sustained.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and HODGES, JJ., concur.