**BAMA PIE, INC., and Continental Casualty Company, Petitioners,**

v.

**Lewis F. ROBERTS and State Industrial Court, Respondents.**

No. 49988.

Supreme Court of Oklahoma.

May 24, 1977.

---

**8.** *Medico Leasing Company v. Smith*, 457 P.2d 548, 550 (Okl.1969); also see 12A O.S.1971 § 1–103.

Bruce O. Taliaferro, Tulsa, for petitioners.

Gerard K. Donovan, Tulsa, for respondents.

DAVISON, Justice:

This is a proceeding to review an order, affirmed on en banc appeal, awarding temporary total compensation (76 weeks) and permanent partial disability (19 weeks), for partial loss of hearing in both ears, resulting from accidental injury during covered employment.

Claim for compensation alleged loss of hearing resulting from working in sub-zero temperature in a freezer plant operated by the petitioner, herein the respondent. Answer denied occurrence of accidental injury, or that claimant's condition resulted from injury incurred during covered employment.

The case was heard initially on November 4, 1975, for determination of additional temporary total compensation, and permanent partial disability due to loss of hearing. Evidence showed on March 24, 1974, claimant's duties involved work in a freezer where temperature was 20 degrees below zero. The shift began at midnight, and when taking a 1:00 A.M. break, the claimant was suffering pressure in his head and was unable to hear. Claimant returned to duty thinking this would clear up, but condition continued until the shift ended. This trouble persisted until Monday, when the employer was advised of need to see a doctor, but nothing was done. Claimant's difficulties continued and claimant would work some days and then call in sick, but did not lose as much as five days time between injury and April 28, 1974, when work terminated. Respondents paid 4 weeks temporary compensation after employment ceased. Claimant was employed for three weeks during period of alleged temporary total disability, but did not work after this job ceased.

Claim was filed on May 21, 1974, and on June 10, 1974, respondents sent claimant to Dr. S. at Glass-Nelson Clinic. History of

exposure and complaints of hearing loss was basis for examination and report. Overall physical examination was negative, although it revealed both ears were obstructed by hard wax plugs. The left ear was unplugged without difficulty, but two days medication was required to effect removal from right ear. Treatment caused ear canal irritation and further medication was required. Despite continued complaints of hearing loss, claimant was uncooperative when Dr. S. attempted to administer hearing tests and claimant was referred to Dr. M., a specialist. Dr. S. reported on July 3, 1974, claimant was able to work if desirous of doing so. The doctor was doubtful of causal relationship between exposure to cold and symptoms claimant complained of having. On July 13, 1974, the doctor reported claimant able to work and no disability had been sustained from accident.

Dr. M. conducted an audiometric study which was the basis for diagnosis of sensory neural hearing loss in the inner ear expressed as 20 decibels in right ear and 15 decibels in left ear, which represented actual hearing loss. Neural hearing loss may be caused by many things and is permanent hearing disability not subject to treatment, except for psychological reasons or testing and evaluation for determination of suitable hearing aid. The doctor found it difficult to ascertain cause and effect relationship between claimant's exposure to cold and diagnosis of sensory neural hearing loss, which was not the type hearing loss expected from claimant's situation. Claimant was able to work on July 3, 1974, although claimant was last seen on July 18, 1974. This deposition was taken pursuant to court order and the cause was then submitted.

Claimant introduced medical report of Dr. R. S., who examined claimant on July 10, 1975, after taking history of exposure to severe cold and onset of hearing difficulties. Examination and audiometric testing established sensori-neural hearing loss which was stable and nonprogressive, absent future occurrences affecting hearing. There was no evidence of active disease, neither surgery nor medicine would restore hearing, and a hearing aid was not needed. Under standard rules for determining degrees of hearing loss, claimant had sustained 8% loss of hearing in left ear and 11% in right ear, or an overall hearing loss of 9%.

The trial judge entered an order on December 18, 1975, awarding compensation for 8% permanent partial disability of left ear and 11% of right ear, or a total of 19 weeks permanent partial disability. The court also awarded temporary total compensation from April 29, 1974, to July 18, 1975, and ordered 76 weeks accrued temporary total compensation paid in lump sum. This order was vacated by State Industrial Court, on en banc appeal, and the cause remanded for introduction of additional medical evidence by claimant.

Thereafter (February 27, 1976) Dr. R. S. filed a supplemental report stating:

"I did not see Mr. Roberts before his Mar. 24, 1974 incident and there is no evidence of a hearing impairment before that time. Assuming that his hearing was normal before May, 1974, I feel that any loss he has now is a definite result of the exposure and the subsequent changes in the inner ear, namely 20 decibel loss on the right and 22 on the left, with 11 percent loss on the right and 8 percent on the left, and an overall loss of 9 percent."

The trial court then entered an order on April 13, 1976, awarding compensation for permanent partial disability and temporary total disability in lump sum as provided in the order which was vacated. The last order, affirmed by State Industrial Court on en banc appeal, is presented for review.

Two issues are advanced as disclosing incorrectness of this order. First to be considered is the provision awarding compensation for temporary total disability. Evidence of respondent's expert was that neural hearing loss is a permanent disability, treatment of which is unsuccessful and of no value. When claimant was seen in July, 1974, there was no treatment to be administered, and the only recommendation was a hearing aid evaluation. Medical report of

Dr. S., relating to examination of July 2, 1974, and referral to Dr. M., stated claimant could be working. This evidence reasonably shows claimant's condition was permanent and required no further treatment thereafter.

Claimant was examined by his physician (Dr. R. S.) on July 8, 1975. The doctor diagnosed existence of neural hearing loss, which was a permanent disability not requiring medical treatment. Not having seen claimant prior to that date, the doctor admitted he was unable to say whether claimant ever was incapable of performing ordinary manual labor. Neither report filed by Dr. R. S. mentioned any period of temporary total disability. The deposition testimony, taken pursuant to remand of the cause for introduction of additional medical evidence by claimant, showed Dr. R. S. could not fix any period of temporary total disability.

■ Temporary total disability for which compensation may be allowed under 85 O.S.1971 § 22(2), is defined as the healing period, or that period of time following accidental injury when an employee is totally incapacitated for work due to illness resulting from injury. *Oklahoma Natural Gas Co. v. Davis*, 181 Okl. 530, 75 P.2d 435. Compensation for this disability must cover a defined period, and is limited to and may not extend beyond this period. *Reinhart & Donovan v. Roberts*, 157 Okl. 102, 11 P.2d 125; *Pruitt v. Mid-Continent Pipe Line Company*, Okl., 361 P.2d 494.

When temporary total disability ceases and permanent disability can be determined is a question of fact, which requires expert medical evidence in connection with facts and circumstances disclosed. There is no presumption temporary total disability continues indefinitely, and claimant must adduce affirmative proof showing period of disability to provide basis for computation of any award for temporary total compensation. *Ross v. Ross*, 184 Okl. 626, 89 P.2d 338; *Smith v. Zweifel*, 176 Okl. 113, 54 P.2d 649. There is no evidence to support the award of compensation for temporary total disability. Where no medical testimony supports a finding of temporary total disability, an award for temporary total compensation will be vacated.

■ A further contention urges lack of medical evidence to support the finding that claimant sustained accidental injury during covered employment with respondent. Expert medical testimony concerning cause of disability was conflicting, and in some respects equivocal. Whether claimant's injury resulted from accident arising out of and in course of employment, or from other unrelated causes, presented a fact question for State Industrial Court determination, adjudication of which is final on review when supported by any competent evidence. *Purdy v. Flint Steel Corporation*, Okl., 535 P.2d 277. Existence of record evidence from which trier of fact could have reached a contrary conclusion is immaterial under law applicable to review of State Industrial Court findings of fact. *Riley v. Cimarron-Empire Construction Company*, Okl., 420 P.2d 550.

■ We are of the opinion, however, the order reviewed must be vacated for reasons now discussed. Settled law requires State Industrial Court to make specific findings of ultimate facts responsive to the issues as well as conclusions of law upon which an order is based. *Acme Construction Company v. Carr*, Okl., 513 P.2d 113. Provisions of the court's order awarding permanent partial disability for hearing loss are mentioned above.

Under 85 O.S.1971 § 22(3), total deafness is a scheduled injury, for which permanent partial disability may be awarded as for loss of any scheduled member. For total loss of hearing in both ears, 200 weeks may be awarded, whereas total deafness in one ear is compensated by 100 weeks. Decisions construing this provision of subdivision 3 long have recognized that loss of hearing in both ears due to accidental injury may be compensated by percentage allowance of total deafness. *Indian Territory Illuminating Oil Co. v. Williams*, 157 Okl. 80, 10 P.2d 1093; *Indian Territory Illuminating Oil Co. v. Welch*, 156 Okl. 243, 10 P.2d 678; *Wick-*

*ham Packing Company v. Morgan*, Okl., 411 P.2d 538.

Claimant's medical evidence, summarized above, found percentage loss of hearing for each ear, and evaluated overall hearing loss of 9 percent. The trial court's order accepted medical evidence as to degree of loss in each ear, but apparently sought to treat each as a separate injury. Then, by combination of percentage loss into a total figure of 19% permanent partial disability was compensated upon basis of 100 weeks. Unless so construed, the order is too indefinite and uncertain for judicial interpretation. *Malson v. Oklahoma City Tent & Awning Company*, Okl., 382 P.2d 14; *Gleason v. State Industrial Court*, Okl., 413 P.2d 536, and cases cited. This construction, however, clearly discloses error which inheres in the award from trial court failure to calculate the award upon a basis of permanent partial disability resulting from medically determined percentage of total deafness as provided by § 22(3), supra. The claimant's medical evidence showed loss of hearing in both ears, when combined resulted in 9% overall hearing disability. Loss of hearing in both ears is compensable on the basis of 200 weeks compensation.

Findings and conclusions in the order reviewed are too indefinite and uncertain for judicial interpretation. The order awarding compensation is vacated, insofar as concerns calculation of temporary total benefits and determination of extent of permanent partial disability, and the cause remanded for further proceedings consistent with the views herein expressed.

ORDER VACATED WITH DIRECTIONS.

All the Justices concur.