Thomas A. THRELKELD, Petitioner,

v.

LEE WAY MOTOR FREIGHT, Liberty Mutual Insurance Company, Respondents.

No. 65489.

Supreme Court of Oklahoma.

April 11, 1989.

E.W. Keller, Keller & Fernald, Oklahoma City, for petitioner.

W. Jeffrey Dasovich, Oklahoma City, for respondents.

SIMMS, Justice:

Petitioner, Thomas Threlkeld, filed a Workers' Compensation Claim for hearing loss to both ears. Threlkeld worked for Lee Way, respondent, for 25 years. Threlkeld's loss of hearing was due to exposure to excessive noise from diesel engines during the term of his employment with Lee Way.

Evidence was introduced at the trial court level that Threlkeld has suffered hearing loss in his left ear ranging from 25.5% to 42%, and hearing loss in his right ear ranging from 0% to 4.5%. The trial court found that Threlkeld had suffered hearing loss to the left ear of 30% and a 2% hearing loss to the right ear, for a binaural hearing loss calculated at 6.6%.[1] The total award based on this finding was $3,148.20.

The petitioner appealed the order of the Workers' Compensation Court to a three-judge reviewing panel, which unanimously affirmed the order of the trial judge. On appeal, the petitioner argued that the means of calculating binaural hearing loss had the effect of reducing his total award from that which he would have received if he had suffered loss of hearing in only one ear. The Court of Appeals agreed and vacated the order, ruling that "in no case should the final disability rating be less than the sum of its parts" relying on *Norwood v. Lee Way Motor Freight*, Okl.App. 646 P.2d 2, 5 (1982). We have previously granted certiorari.

Neither party to this appeal argues that the Workers' Compensation Court applied the wrong formula to the calculation of petitioner's hearing loss, or that the court's findings were not supported by competent evidence. *Railway Express Agency v. Wooten*, 195 Okl. 469, 159 P.2d 230 (1945). Non-jurisdictional findings will be binding on this Court on review if there is any competent evidence in support. Very simply, Threlkeld argued, and the Court of Appeals agreed, that the formula for calculating binaural hearing loss under Rule 37 was unfair as it applied to him.

The means for calculating binaural hearing loss are based on current medical standards as provided by local physicians, the American Academy of Ophthalmology and Otolaryngology, and the 1977 edition of the American Medical Association's "Guides to the Evaluation of Permanent Impairment", 85 O.S.1981, Ch. 4, App.Rule 37. The rule was adopted, after hearing, by the Workers' Compensation Court en banc, and approved by this Court. 85 O.S.1981, § 1.2(E). The legal validity of this rule is not challenged on appeal. Rule 37 recognizes the physiological fact that hearing in the worst impaired ear will be helped by the least impaired ear, so that total binaural hearing loss will equal less than the sum of the two separate losses.

Our cases have long held that loss of hearing in both ears is compensated by percentage allowance of total deafness. *Indian Territory Illuminating Oil Co. v. Welch*, 156 Okl. 243, 10 P.2d 678 (1932); *Wickham Packing Company v. Morgan*, Okl., 411 P.2d 538 (1966); *Bama Pie, Inc. v. Roberts*, Okl., 565 P.2d 31 (1977). In this

---

1. Binaural hearing loss is calculated under the formula set out in Workers' Compensation Court Rule 37, 85 O.S. 1981, Ch. 4, App. The formula is:

$$\frac{(5 \times L) + W}{6} = \text{binaural impairment}$$

L = impairment in least impaired ear;
W = impairment in worst impaired ear; all expressed as % monaural loss.

case, the Court of Appeals committed the an error analogous to that of the trial tribunal in *Bama*, supra, by treating the loss of hearing in each ear as a separate injury. This was error. See also: *Es-mark/Vickers Petroleum v. McBride*, Okl., 570 P.2d 951, 955 (1977).

Accordingly, the opinion of the Court of Appeals, Div. 1, is VACATED. The Order of the Workers' Compensation Court, being based on competent evidence and properly applying Rule 37, is SUSTAINED.

HARGRAVE, C.J., OPALA, V.C.J., and HODGES, LAVENDER and SUMMERS, JJ., concur.

WILSON and KAUGER, JJ., concur in result.

DOOLIN, J., dissents.

KAUGER, Justice, concurring in result.

I concur in result because the constitutionality of Workers' Compensation Court Rule 37, 85 O.S.1981 Ch. 4, App., was unchallenged on appeal.