## SOUTHERN SURETY CO. et al. v. CHILDERS et al.

No. 12790—Opinion Filed Sept. 26, 1922.

Rehearing Denied Oct. 24, 1922.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation—Findings—Conclusiveness.**

Where the State Industrial Commission finds as a fact that the claimant was injured while in the course of his employment and there is evidence to sustain such finding, said finding and decision is final, and this court is not authorized to weigh the evidence upon which the finding of fact is based.

**2. Same — Right to Compensation — "Employe" — Executive Officer.**

That one is the principal stockholder and president or other executive officer of a corporation that employs him is not, standing alone, sufficient to eliminate him from those regarded as employes within the Workmen's Compensation Law.

**3. Same.**

An officer in a corporation may serve both as an officer and workman under circumstances making him an employe within the meaning of the Workmen's Compensation Law, and if he sustains injuries while performing duties in the latter capacity, he is entitled to compensation under said act.

Original Proceeding in Supreme Court to Vacate an Award of the State Industrial Commission.

Petition filed by Southern Surety Company, a corporation, and Childers Motor Company against B. T. Childers and the State Industrial Commission. Award affirmed.

Stanard & Ennis, for petitioners.

Monk & McSherry, S. P. Freeling, Atty. Gen., and R. E. Wood, Asst. Atty. Gen., for respondents.

NICHOLSON, J. This is an original proceeding instituted in this court by the petitioners to review an order of the State Industrial Commission awarding the respondent B. T. Childers compensation for a period of 15 weeks and one day, amounting to the sum of $288.

The facts, briefly stated, are that the respondent owned a garage and automobile agency at McAlester, and employed more than two men. The petitioner Southern Surety Company issued to Childers a workmen's compensation insurance policy containing the classification of automobile dealers. Subsequently Childers organized a corporation known as the Childers Motor Company with a capital stock of $25,000, and transferred his garage and automobile agency to this corporation in exchange for $20,000 of the capital stock of the corporation. The policy by proper indorsement was transferred to Childers Motor Company. The respondent B. T. Childers was president, owned 80 per cent. of the stock of the corporation, and received a salary of from $300 to $400 per month. A portion of his time was spent in manual or mechanical labor in the garage and a portion in selling cars and conducting the business of the corporation. The corporation owned a racing car which was used only for racing purposes and as an advertising med-

ium. While the respondent B. T. Childers was testing out this car on the race track at McAlester, the car was run into by another racing car, resulting in the injury to said respondent for which recovery was sought.

The petitioners first contend that the classification "automobile dealers" contained in the policy does not cover the operation of a racing car, the same not being a part of the business or duties of an automobile dealer; that the respondent B. T. Childers was injured while testing out said car for the purpose of entering the same in a racing contest, hence, the work being done by him at the time of the injury was not within the classification of the policy.

The policy of insurance made the basis of this action contains the following classification set out in the application:

"Automobile Dealers—with or without garage, and auto garages. Entire remuneration of all employes, not excepting clerical (including executive officers whose duties expose them to any operative hazard of the business must be included without division). The actual remuneration of such executive officers and salesmen must be included in the payroll but not in excess of $1,500 per annum per officer or salesman."

The agent of the Southern Surety Company who issued the policy testified that he knew the claimant used a racing car and that the premium was calculated and based upon the payroll, which included the salary of Childers; that he did not, prior to the accident, notify Childers that the operation of a racing car was not within the terms of the policy; neither did he notify the Southern Surety Company that the Childers Motor Company maintained a racing car.

If Childers, the claimant, had been injured while driving the car in a race or while racing, we would have no hesitancy in holding that the petitioners were not liable under the terms of the policy, for the reason that the operation of a car in a race is no part of the business of an automobile dealer or of a garage, but such is not the case. The claimant was testing out the car to ascertain if it needed repairs and was on the race track because he was not permitted to drive the car on the streets. He was not racing, but was driving at a rate of speed not to exceed 20 or 25 miles per hour when his car was struck by another car. We are unable to see why the fact that the car was owned by the Childers Motor Company should militate against the claimant's right of recovery. Had the car belonged to another, and been brought to the garage for repair, or to ascertain wheth-

er or not repairs were needed, and had a mechanic or employe been instructed to test out the car to ascertain what,if any, repairs were necessary, and while thus engaged sustained an injury, it could not successfully be contended that the injury did not arise out of and in the course of his employment. The claimant performed manual and mechanical labor for the Childers Motor Company as a part of his duties, and the fact that he was working on or with a racing car should not prevent a recovery. The Surety Company charged and received a premium based upon the payroll, which included the claimant's salary, and its agent knew that the Childers Motor Company owned and operated a racing car, and might have known that employes of the Childers Motor Company would work upon such racing car. Notice to the agent was notice to the Surety Company. The Industrial Commission found as a fact that the claimant while in the employ of the respondent Childers Motor Company was injured while in the course of his employment and as there is evidence to sustain this finding, such finding is final. Section 10, chapter 14, Sess. Laws 1919; Board of Commissioners of Cleveland County v. Barr et al., 68 Oklahoma, 173 Pac. 206; Choctaw Portland Cement Co. v. Lamb et al., 79 Okla. 109, 189 Pac. 750; Stephenson v. Industrial Commission, 79 Okla. 228, 192 Pac. 580; Associated Employers Reciprocal Ass'n v. Industrial Commission, 83 Okla. 73, 200 Pac. 862.

It is next contended that B. T. Childers owned four-fifths of the capital stock, was the principal executive officer and controlling factor in the Childers Motor Company, and not an employe within the meaning of the Workmen's Compensation Law, or the policy of insurance issued thereunder.

By section 3 of chapter 246, Session Laws 1915 (Workmen's Compensation Law), employe is defined as "any person engaged in manual or mechanical work in the employ of any person, firm, or corporation carrying on a business covered by the terms of this act."

The claimant performed manual and mechanical work for the Childers Motor Company as a part of his duties; therefore, if he is prevented from recovering, it must be by reason of the fact that he was the majority stockholder and president of the company.

The authorities on this question are not in harmony, some holding that the president and majority stockholder of the corporation is not an employe within the meaning of the Workmen's Compensation Law and is not entitled to compensation for injuries sustained

while engaged in manual labor for such corporation, while others hold 'that the ownership of stock and the 'incumbency of an executive office in the corporation will not prevent a recovery where the facts are such as to entitle the claimant to compensation.

It appears to us that the better reason dictates that compensation should not be denied one because he happens to be a stockholder and president or other executive or managing officer of the corporation that employs him, and that that fact alone is not sufficient to eliminate him from those regarded as employes within the meaning of such act. Obviously, where the claimant was the chief executive officer of a large corporation and his duties did not require that he perform manual or mechanical labor, he could not be regarded as the employe within the meaning of the act or the terms of the policy, and if he sustained injuries while performing manual or mechanical labor, which was no part of his duties, but in which he acted as a mere volunteer, he would not be entitled to compensation. On the other hand, although the claimant was the owner of the majority of stock and was the chief executive officer of a corporation, yet if he performed manual or mechanical labor as a part of his duties, such an official in his capacity as a workman might measure up in all respects 'to the conception of an employe within the meaning of the act. The case at bar affords an apt illustration of a case where the official of a corporation served in dual capacity, that is, as an officer and as a workman. The claimant had owned the automobile agency and garage; he organized a corporation and transferred his assets to the corporation in exchange for 80 per cent. of its capital stock and was the president of the corporation, but he was also a mechanic, and a portion of his time was occupied in manual and mechanical labor in the shop or the garage, and in testing and demonstrating cars, and while thus engaged, the injury complained of occurred.

We conclude that, notwithstanding the claimant was a stockholder and president of the employer, he was an employe within the contemplation of the act. This conclusion is supported by the following authorities: Honnold on Workmen's Compensation, vol. 1, page 173; In re Raynes (Ind.) 118 N. E. 387; Beckman v. Olerich & Son et al., 160 N. Y. Supp. 791. In Ohio Drilling Co. v. State Industrial Commission, 86 Okla. 139, 207 Pac. 314, this court held that a member of a partnership engaged in the business of drilling oil wells who performed labor for the partnership and who was injured while in the employ of the partnership was entitled to compensation under the terms of the Workmen's Compensation Law.

The claimant and the corporation were separate entities. The evidence shows that the claimant's wages for mechanical and manual labor amounted to from $8 to $10 per day. Furthermore, the premium paid was based upon the payroll, which included the remuneration of the claimant not to exceed $1,500 per annum. The Southern Surety Company treated the claimant as an employe for the purpose of collecting the premium, and cannot now, when called upon to pay the loss, be heard to deny that he was an employe.

The third contention is that there is no evidence in the record 'to sustain the finding and order of the Industrial Commission, but this is without merit. The award is affirmed.

KANE, JOHNSON, McNEILL, and ELTING, JJ., concur.