## ENID SAND & GRAVEL CO. et al. v. MAGRUDER et al.

No. 21554. Opinion Filed March 31, 1931.

Clayton B. Pierce and A. M. Covington, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. This is an original action to review an award of the State Industrial Commission. The action arises out of an accident sustained by F. C. Magruder, the claimant herein, who was the president and general manager of the Enid Sand & Gravel Company, a corporation, one of the petitioners herein. The accident occurred at about 10 o'clock in the morning while the claimant was driving his own automobile on the streets of Enid, Okla. He had just left his home and was on his way to a filling station to get some gas for his car. Just before he reached the gas station he had a collision with another car and was injured in the accident, and as a result of the injury he was totally disabled for approximately four weeks and partially disabled for about two weeks thereafter. He was awarded compensation for a period of two weeks and three days at the rate of $18 per week. The respondent was also ordered to pay all medical bills incurred by claimant as the result of the injury.

He testified that he was the president and general manager of the Enid Sand & Gravel Company, a corporation; that he owned some stock in the corporation, but not a majority thereof; that his company was in the business of operating a sand pit which was located about 20 miles west of Enid. It employed five men in the operation of the plant. It was the duty of the president to see that the plant was operated in the proper manner. In his claim, which was filed with the Commission, his occupation was stated as that of president and general manager, for which he received a salary of $250 per month.

In reference to whether or not he performed any manual labor in connection with his duties as president and manager, his testimony was as follows:

"Q. Did you have any, or perform any, duties in connection with the conduct of this business such as might be termed manual labor? A. Well, I did something that might be termed as manual labor in the operation of the pump when I was at the plant. At times when I went to the plant, I did manual labor. Q. You had no regular duties in that connection? A. No, sir. Q. You had some one else employed to do that? A. Yes, sir. Q And made a substitute out of yourself when no one else was there to do the work? A. Yes, sir. Q. That was the understanding, that you do that work, and keep the plant going? A. There was not any understanding. There was no contract covering that, only I was to make the plant operate in the most economical way."

The respondents contend that the president and general manager of a corporation is an executive officer and is not an employee engaged in manual or mechanical labor of a hazardous nature.

Whether or not the claimant can recover herein depends upon the provisions of our statute. Subsections 1, 4, and 15 of section 7284, C. O. S. 1921, as amended by Laws 1923, c. 61, are as follows:

"1. 'Hazardous employment' shall mean manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283, except employees engaged as clerical workers exclusively, and shall not include any one engaged in agriculture, horticulture, or dairy or stock raising, or in operating any railroad engaged in interstate commerce."

"4. 'Employee' means any person engaged in manual or mechanical work, or labor in the employment of any person, firm or corporation, carrying on a business covered by the terms of this act, and shall include workmen associating themselves together under an agreement for performance of a particular piece of work, in which event such persons so associating themselves together shall be deemed employees of the person having the work executed; provided, that if such associated workmen shall employ two or more laborers or workmen in the execution of such contract, then as to such employed workmen or laborers, both the associated employees and the principal employer shall at once become subject to the provisions of this act relating to independent contractors."

"15. Where several classes or kinds of

work is performed, the Commission shall classify such employment, and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

From these sections it is clear that for one to receive the benefits of the Industrial Act he must be engaged, not only in a hazardous employment, but in manual or mechanical work or labor. Subsection 15 specifically provides that the act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature. In the case of McQuiston v. Sun Company, 134 Okla. 298, 272 Pac. 1016, this court said:

"Thus the Legislature limited the operation of the Workmen's Compensation Act to employees engaged in manual or mechanical labor of a hazardous nature, and specifically exc'uded certain others. Webster's definition of 'manual' and 'mechanical' forecloses application of the terms to the duties of a traveling salesman. Such a man's duties are mental rather than physical."

For his recovery the claimant relies on the case of Southern Surety Co. v. Childers, 87 Okla. 261, 209 Pac. 927. There it was said:

"That one is the principal stockholder and president or other executive officer of a corporation that employs him is not, standing alone, sufficient to eliminate him from those regarded as employees within the Workmen's Compensation Law.

"An officer in a corporation may serve both as an officer and workman under circumstances making him an employee within the meaning of the Workmen's Compensation Law, and if he sustains injuries while performing duties in the latter capacity, he is entitled to compensation under said act."

We adhere to the rule announced in the Childers Case. It is true that an officer in a corporation may serve both as an officer and workman under circumstances which may make him an employee within the meaning of the Workmen's Compensation Law. In that case the corporation owned a garage. The president and manager owned about 80 per cent. of the stock, but a portion of his duties was to work as a mechanic in the garage and he was injured while performing duties in the latter capacity. This entitled him to compensation under the Industrial Act. It evidently was the purpose and intention of the Legislature to protect that class of employees who were engaged in manual or mechanical labor of a hazardous nature. Before the claimant can recover herein it is necessary for him to show that he was engaged in manual or mechanical labor. Was he so engaged? He was the executive officer and directing head of the corporation. He testified that he did some things that might be termed manual labor in the operation of the pump when he was at the plant, and that sometimes he made a substitute out of himself when no one else was there to do the work. He specifically testified that he had no regular duties in that connection and that someone else was employed to do that kind of work. Before he can recover he must show that under his contract it was necessary for him to perform manual or mechanical labor of a hazardous nature as a portion of his duties as an employee. He testified that he had no regular duties in that connection. When he did so, his evidence showed that he was not entitled to the benefits of the act.

The prayer to vacate the award is granted, and the case is remanded, with directions to dismiss the same.

CLARK. V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.