### K. C. AUTO HOTEL et al. v. CAUGHEY et al.

No. 22796. Opinion Filed Oct. 11, 1932.

Clayton B. Pierce, A. J. Follens, and Truman B. Rucker, for petitioners.

A. M. Widdows, for respondents.

McNEILL, J. This is an action to review an order of the State Industrial Commission awarding compensation to the respondent, Kenneth Caughey. The respondent was an employee of the K. C. Auto Hotel, and his duties were to stand in front of the theatre during the evening and night receiving cars from the theatre-goers and then to take them to the K. C. Auto Hotel, where they were parked until the customers desired them, when respondent would procure the cars and return them to the customer. On January 1, 1931, the respondent while in the performance of such duties suffered an injury to his leg.

Petitioners contend that the respondent was not engaged in manual or mechanical labor of a hazardous nature. Section 7284, C. O. S. 1921 [O. S. 1931, sec. 13350] provides:

"Where several classes or kinds of work are performed, the Commission shall classify such employment, and the provisions of this act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

Compensation coming within the terms of the Workmen's Compensation Law is limited to those employees who are engaged in manual or mechanical labor of a hazardous nature. The driving of an automobile is not included in the act as a hazardous occupation. See Crawford v. Industrial Commission, 111 Okla. 265, 239 P. 575.

We are of the opinion that respondent was not engaged in manual or mechanical work as contemplated by the statute, and that the driving of an automobile under the foregoing circumstances is not a hazardous occupation within the meaning of the Workmen's Compensation Law.

Award vacated, cause remanded, with directions to dismiss respondent's claim for compensation.

CLARK, V. C. J., and CULLISON, SWINDALL, and ANDREWS, JJ., concur. KORNEGAY, J., dissents. LESTER, C. J., and RILEY and HEFNER, JJ., absent.

Note.—See under (1) annotation in 9 A. L. R. 1382.