## PAWNEE ICE CREAM CO. et al. v. PRICE et al.

No. 23544.   Opinion Filed June 13, 1933.

Clayton B. Pierce, A. J. Follens, and Truman B. Rucker, for petitioners.

Charles Besly, for respondent.

WELCH, J.   J. R. Cates owned and operated the Pawnee Ice Cream Company at Pawnee, Okla.   Among others he employed his son, Haskell Cates, and the claimant herein, Everett J. Price, his son-in-law.   On December 12, 1930, J. R. Cates became violently insane, and, using a heavy hammer, struck his son, Haskell Cates, over the head several blows, then proceeded into the office room, separated from the balance of the plant by partition, where the claimant was then working on the books of the company, and with the same hammer struck claimant several blows on the head, inflicting serious injury.

Claimant lost no wages while disabled, and the only award of the Commission covered the hospital and medical bills.   The employer and insurance carrier appealed from this award, and will be referred to herein as petitioners.

The employment engaged in was a "factory * * * where machinery is used," and a "creamery operated by power," and is one of the employments included in the Workmen's Compensation Act, section 7283, C. O. S. 1921.

The petitioners contend that claimant's injury was not an accidental injury arising out of and in the course of his employment.   The other employee, Haskell Cates, in another cause was granted a similar award, and in the action reviewing that award this question was determined by the decision of this court in Pawnee Ice Cream Company v. Haskell Cates, 164 Okla. 48, 22 P. (2d) 347, and upon the authority of that case we hold that the injury received by this claimant, Everett J. Price, was an accidental injury arising out of and in the course of his employment.

Petitioners herein contend that claimant was not engaged in "hazardous employment."   The facts are that claimant was a general employee of the Pawnee Ice Cream Company.   It seems that he kept all of the books of the company, and handled most, if not all, of the clerical work of the company, and was so employed during most of his time, but, in addition thereto, it was part of his general employment and his duty to aid in making butter and ice cream, in starting the engines and in repairing and helping to repair the machinery, and that he regularly engaged in these duties when the occasion therefor arose, in addition to discharging his clerical duties.   It seems clear, therefore, that the claimant was employed at manual or mechanical work and labor, and was en-

gaged in "hazardous employment" within the provisions of section 7284, C. O. S. 1921, and that he, in this employment, did not come within the exception noted in that section wherein the section excepts "employees engaged as clerical workers exclusively."

The facts are, in this case, that claimant was employed generally and his duties required that he work at times as a clerical worker and at times at manual or mechanical work and labor.

The petitioners herein cite no authority for holding that one so employed is not entitled to compensation under our law.

Petitioners do cite Enid Sand & Gravel Company v. Magruder, 148 Okla. 67, 297 P. 271, but in that case the claimant was the president and general manager of the plaintiff in error, and he was properly held not to be an employee. And petitioners cite Russell Flour & Feed Company v. Walker, 148 Okla. 167, 298 P. 294, but in that case the claimant was employed as a traveling salesman and collector for plaintiff in error, and performed no manual or mechanical work and labor whatever, and was properly held to be not engaged in such manual or mechanical work or labor as to come within the provisions of our law. Petitioners also cite McQuiston v. Sun Company, 134 Okla. 298, 272 P. 1016, but in that case the claimant was employed as a traveling salesman of the defendant in error, and it was properly held that he was not engaged in any manual or mechanical work or labor. Petitioners also cite Oklahoma Publishing Company v. Molloy, 146 Okla. 157, 294 P. 112, but in that case the claimant was employed to solicit subscriptions for a daily paper, and to deliver sample copies of the paper in connection with his solicitation, and it was properly held that he was not engaged in any manual or mechanical work or labor. It, therefore, clearly appears that the authorities cited by the petitioners herein are not in point, and would not justify the conclusion of petitioners that the claimant here was not entitled to the benefits of the Workmen's Compensation Law.

In Okla.-Ark. Tel. Co. v. Fries, 128 Okla. 295, 262 P. 1062, this court considered the status of employee who served in the capacity partly clerical and partly at manual or mechanical work or labor. The duties of the claimant, Mamie Fries, "being that of auditor, bookkeeper, relief operator, to supervise and assist the switchboard operators, test the toll board and toll line to see that the switchboard was not overcharged with electricity, test lines generally, install fuses and do other small repair work in the absence of the regular man, and generally supervise the work of the exchange," and in that case this court held that the employment came within the provisions of the act, and stated this rule in syllabus 3:

"Where it is shown that an employee devotes the major portion of her time to manual or mechanical labor, and is not an employee engaged as a clerical worker exclusively, as defined in section 7284, C. O. S. 1921, as amended by chapter 61, sec. 2, Sess. Laws 1923, such employee, if otherwise entitled thereto, will be entitled to compensation even though she may have been engaged in clerical work at the immediate time of her injury."

While in this case the claimant, Mamie Fries, devoted most of her time to manual or mechanical labor, and in the instant case the claimant, Everett J. Price, devoted most of his time to clerical work, we think the true rule is that if the employment requires the employee to devote any of his time to manual or mechanical work or labor, and in pursuance of such employment he does do so, he is then employed in "hazardous employment" as defined in section 7284, supra, notwithstanding the fact that his employment requires that he devote the major portion of his time to clerical work, and notwithstanding the fact that he is actually employed at clerical work at the time of the injury.

The record discloses that the claimant, Price, was engaged upon the books of the company at the time of his injury, and in the case last above cited that claimant, Mamie Fries, was engaged in clerical work at the immediate time of her injury, and in the body of the decision last above cited we find this language by the court:

"Even had the claimant been engaged in clerical work, as contended, at the time of her injury, we think such would not affect her right of recovery, provided she were not an **exclusive clerical worker,** as excepted under the definition of section 7284, C. O. S. 1921."

In this case the business engaged in was within the provisions of the act, because it was a factory "where machinery is used" and a creamery "operated by power," but it is not essential to the right of recovery that at the very moment of injury the employee must have been actually engaged

with the operation of the machinery, or with the operation of the power used in the business. Sunshine Food Stores v. Moorehead, 153 Okla. 301, 5 P. (2d) 1066; Okla-Ark. Tel. Co. v. Fries, supra; Ft. Smith Aircraft Co. v. Industrial Commission, 151 Okla. 67, 1 P. (2d) 682.

We, therefore, conclude that the claimant, Everett P. Price, was an employee engaged in "hazardous employment" within the meaning of the law, and was not an employee engaged as a clerical worker exclusively; that his injury was accidental and arose out of and in the course of his employment, and the award of the Industrial Commission is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and BUSBY, JJ., concur. OSBORN and BAYLESS, JJ., absent.