## LYNCH-DAVIDSON LUMBER CO. v. ROOT et al.

No. 23198. Opinion Filed July 5, 1933.

Ames, Cochran, Ames & Monnet, for petitioner.

Clyde L. Andrews and Emery A. Foster, for respondent D. W. Root.

CULLISON, V. C. J. This is an original proceeding in the Supreme Court to review an award of the State Industrial Commission in favor of D. W. Root, respondent herein. The Commission heard said cause, and on November 25, 1931, made an award finding that claimant was injured while in the employ of petitioner, and that as a result of said injury respondent was entitled to compensation. Petitioner contends, in support of its petition to review said award, "that claimant, at the time he sustained the injury which is the basis of the Commission's award, was not engaged in the performance of manual labor or in a hazardous employment."

In consideration of the proposition just outlined, it will be necessary to briefly review the facts connected with said accidental injury so as to determine whether respondent was engaged in the performance of manual labor or in a hazardous employment at the time he received said injury. The record discloses that respondent was not a regular employee of petitioner, but that he worked for petitioner at intervals when petitioner had certain extra work to be performed. The record further discloses that respondent had been employed to aid in stacking a carload of lumber in petitioner's lumber yard. There is a conflict in the testimony as to whether all of said lumber had been stacked or not at the time respondent ceased working at noon. Petitioner's employees claim that all of said lumber had been stacked, and that there was nothing further for respondent to do, while respondent claims that not all of said lumber had been stacked and that he was waiting at petitioner's office. According to respondent's testimony, about 2 o'clock in the afternoon he left petitioner's office and went out upon the streets of the town of Carney, at the request of the auditor of petitioner, to procure an electrician to wire petitioner's office. The officers of petitioner deny that they sent respondent upon any such mission. Shortly after respondent left peti-

tioner's office and while walking upon the public streets of Carney, he received the injury complained of in the case at bar. The record further discloses that Lisle Elsey, a mechanic residing at Carney, had a wooden propeller attached to a shaft, and that Elsey was holding said propeller and permitting the wind to blow against the same, thereby making the propeller revolve in the wind. Respondent walked to the place where Elsey was holding the propeller and walked up sufficiently close to the propeller so that the same struck respondent on the jaw and side of his face and inflicted the injury which is the basis of this claim.

From the narrative of the evidence just outlined, it will be observed that respondent was not working at any of the regular work within the lumber yard which he had been employed to do, to wit, stacking lumber, but had gone out upon the streets seeking to locate an electrician.

Petitioner contends that the respondent must be engaged in the performance of manual labor in some hazardous employment before he comes within the provisions of the Workmen's Compensation Law and gives the Commission jurisdiction to render a valid award favorable to respondent.

In our consideration of this question, we find that this court has passed upon the matter in the following cases: In the case of Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, at page 158, 294 P. 112, the court said:

"It is clear that the Legislature recognized the fact that an employer might conduct different departments of business, some of which would fall within the act and some of which would not. This court in the case of Southwestern Grocery Co. v. State Industrial Commission, 85 Okla. 248, 205 P. 929, said:

" 'The Workmen's Compensation Act recognizes the fact that the same employer may conduct different departments of business, some of which fall within the act and some of which do not.'

"Before the claimant can recover he must show that he is engaged, first, in manual or mechanical work or labor; and, second, that such work or labor is of a hazardous nature. Whether or not the facts are such as to constitute hazardous employment is a question of law. Drumright Feed Co. v. Hunt, 90 Okla. 277, 217 P. 491; Crawford v. State Industrial Commission, 111 Okla. 265, 239 P. 575.

"It is clear that the Legislature did not intend to include within the Industrial Act

all employees of all business concerns. It was intended, however, that all employees engaged in manual or mechanical work or labor of a hazardous nature should be included. In the case of McQuiston v. Sun Co., 134 Okla. 298, 272 P. 1016, this court, speaking through Mr. Justice Riley, said:

" 'The provisions of the Workmen's Compensation Act apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature, and do not extend to one whose sole employment is that of a traveling salesman'."

Also, in the case of Russell Flour & Feed Co. v. Walker, 148 Okla. 164, 298 P. 291, the court said:

"Where the facts and circumstances show that one is employed as a traveling salesman and collector for a wholesale and retail mercantile establishment, going to various towns in the state, and incidental to such employment makes occasional deliveries of merchandise to accommodate the customers of the employer, held, that such employee is not engaged in manual or mechanical work or labor of a hazardous nature and does not bring himself within the provisions of the Workmen's Compensation Law, as defined by section 7284, C. O. S. 1921, as amended by Laws of 1923, chapter 61, sec. 2."

In the case of Ferris v. Bonitz, 149 Okla. 129, 299 P. 473, this court held (syllabus par. 1):

"An employee engaged as janitor foreman in an office building, whose duties are to run an elevator, have charge of the help, keep the sinks unstopped, and operate the vacuum cleaner, who sustains an accidental personal injury while performing janitor work, in no way connected with the operation of the elevator, is not within the provisions of section 7283, C. O. S. 1921, as amended by section 1, ch. 61, Session Laws of 1923, and may not be awarded compensation for such injury."

It will be observed that under the authorities just cited, the employee must be engaged in an employment enumerated in section 7283, C. O. S. 1921, as hazardous, doing manual or mechanical work or labor as defined by section 7284, before an accidental injury becomes the basis for a valid claim.

In the case at bar, respondent was not engaged in mechanical work or labor at the time he received the accidental injury. The best that can be said for respondent is that he was engaged in searching for an electrician to wire petitioner's office. Such an errand does not come within the provisions of the Workmen's Compensation Law as construed by the decisions of this court just cited. It is not enough for petitioner to be engaged in one of the lines of business enumerated in the statute as coming within the Compensation Law, because respondent must show that at the time he was injured he was engaged in certain lines of petitioner's business known to be hazardous and so considered under the law; that he was engaged in manual or mechanical work or labor. This he has failed to do. The record shows that he was not so engaged.

After carefully considering said record, we arrive at the conclusion that the respondent was not engaged in any manual or mechanical labor defined as hazardous under the terms of sections 7283 and 7284, C. O. S. 1921, as amended.

The petition to vacate is granted and the award vacated, with directions to dismiss.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. ANDREWS and WELCH, JJ., absent.