## TERMINAL OIL MILL CO. et al. v. WILSON et al.

No. 24046.   Sept. 26, 1933.

Thurman, Bowman & Thurman, for petitioners.

Murrah & Bohanon, J. I. Gibson, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding to review an award of the State Industrial Commission granting H. O. Wilson the sum of $813 for 45 weeks and one day compensation at the rate of $18 per week, the same being accumulated compensation from the 23rd day of September, 1931, to the 9th day of August, 1932, less the five-day waiting period, and further granting an order to the insurance carrier continuing payment of compensation at the rate of $18 per week, during the continuance of claimant's temporary total disability on account of said accidental injury.

The facts are uncontested that the claimant was in the employ of the Terminal Oil Mill Company, petitioner herein, and that he was injured while in the employ of said company and while traveling in his own automobile on the 23rd day of September, 1931, and while engaged in the occupation of buying cotton seed for the petitioner.

The accident causing the injury was a collision on a highway with another car and claimant's car between the towns of Willow and Brinkman, Okla.

The facts contested and the testimony in dispute between the parties relate to whether, in addition to the duties of purchasing cotton seed, the claimant was employed to do and did the work about the mill of the petitioner when he was not employed as a salesman or agent purchasing cotton seed.

It is the position of the claimant that he comes within the rule laid down in the case of Pawnee Ice Cream Co. v. Price, 164 Okla. 168, 23 P. (2d) 168, in which Justice Welch states the rule as follows:

"While in this case the claimant, Mamie Fried, devoted most of her time to manual or mechanical labor, and in the instant case the claimant, Everett J. Price, devoted most of his time to clerical work, we think the true rule is that if the employment requires the employee to devote any of his time to manual or mechanical work or labor, and in pursuance of such employment he does do so, he is then employed in 'hazardous employment' as defined in section 7284, supra, notwithstanding the fact that his employment requires that he devote the major portion of his time to clerical work, and notwithstanding the fact that he is actually employed at clerical work at the time of the injury."

And in the case of Oklahoma-Arkansas Telephone Co. v. Fries, 128 Okla. 295, 262 P. 1062. One of the first cases considered by this court involving the question of this nature was the case of McQuiston v. Sun Co., 134 Okla. 298, 272 P. 1016. In that case the facts were undisputed that McQuiston, the claimant, was a traveling salesman; that he went from town to town for the purpose of selling greases, oil, etc., and in his work it was necessary for him to visit mills and establishments operating machinery. Mr. Justice Riley for the court found against the claimant in that case, and the syllabus is as follows:

"The provisions of the Workmen's Compensation Act apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature, and do not extend to one whose sole employment is that of a traveling salesman."

The fact that during his sales it was necessary to be in and around machinery was held insufficient to constitute the basis of an award. Another case is Oklahoma Publishing Co. v. Molloy, 146 Okla. 157, 294 P. 112. In that case the claimant's work consisted of soliciting orders and subscrip-

tions for the Daily Oklahoman and Oklahoma City Times, newspapers published by the employer, and in delivering sample copies of the papers as he made solicitations therefor. He traveled by automobile from one town to another over the state as a member of a sales "crew," and on February 7th, while in the performance of his duty in Wetumka, Okla., and while walking from a house he had visited to the one next door, he fell on the sidewalk, which was covered with ice, and hurt his leg. In vacating the award of the Industrial Commission, the court said:

"Before the claimant can recover he must show that he is engaged, first, in manual or mechanical work or labor; and, second, that such work or labor is of a hazardous nature. Whether or not the facts are such as to constitute hazardous employment is a question of law."

In the case of World Publishing Co. v. Deloe, 162 Okla. 28, 18 P. (2d) 1070, Justice Welch, in rendering the opinion, quoted from Mashburn v. Grandfield, 142 Okla. 247, 286 P. 789:

"It must be borne in mind that the Workmen's Compensation Acts are in derogation of the common law and in derogation of the common right of action in the courts. In other words, it takes from the citizens his right to be heard in the law courts upon principles and procedure almost as old as Anglo-Saxon civilization itself; and while the law will be given, and is given, a liberal construction in favor of the class for whom it was apparently, or supposedly, enacted to protect, yet the courts are without authority, and should be without authority, to extend its operation to classes and persons beyond which the Legislature has expressly or by clear implication designated."

We are now asked to go outside the suggestion in Mashburn v. Grandfield, and to enlarge the field and scope of the law to include a man who, even though it be admitted that while he was in the plant may have been required to render other services, was injured while en route from one town in the state to another town in the state and while engaged in the occupation solely of buying seed for his employer.

We are of the opinion that the case comes more nearly within the rule announced by Justice Busby in the case of Jones & Spicer v. McDonnell, 164 Okla. 226, 23 P. (2d) 701, wherein the following statement is made:

"It is also urged that the employment of the claimant came within the provisions of the Workmen's Compensation Act because the claimant, during a portion of his time, worked in a repair shop in which the trucks belonging to the employer were repaired. A specific showing that power-driven machinery was used in this shop was not made. Assuming, however, that it was a 'workshop' where power-driven machinery was used, as contemplated by section 13349, supra, and by subdivision 11 of section 13350, O. S. 1931, and that claimant spent a great deal of his time working therein, the controlling fact remains that he also regularly spent a portion of his time as a truck driver in hauling property for the public for hire with a truck operating under a class B permit from the Corporation Commission, and that at the time he was injured he was so occupied. The duties then being performed by him were in no manner connected with or incident to the operation of the workshop. The claimant was, therefore, not engaged in a hazardous occupation within the meaning of the Workmen's Compensation Law at the time he received his injury. In the case of Ferris v. Bonitz, 149 Okla. 129, 299 P. 473, this court, speaking through Justice Andrews, recognized the principle that where an employee whose duties are nonhazardous within the provisions of the Workmen's Compensation Act, but who also has hazardous duties to perform which are within the provisions of the act, receives an injury arising out of and in the course of the nonhazardous employment, the Workmen's Compensation Act does not apply and compensation for the injury sustained cannot properly be awarded by the State Industrial Commission."

Under the facts and circumstances of this case, we do not feel warranted in extending the rule announced in Oklahoma-Arkansas Tel. Co. v. Fries, supra, and Pawnee Ice Cream Co. v. Price, supra, to cover awards such as made by the Commission in this case.

The award is vacated.