## CHICAGO PNEUMATIC TOOL CO. et al.
### v. McGREW et al.

No. 26893.　Dec. 15, 1936.

Butler & Brown, for petitioners.

C. W. Schwoerke and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the Chicago Pneumatic Tool Company and its insurance carrier, as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of R. E. McGrew. The parties will hereafter be referred to as petitioners and respondent.

The record discloses that the petitioner Chicago Pneumatic Tool Company was manufacturer and distributor of well drilling equipment and had an office and repair shop at Oklahoma City and a storeroom at Wewoka; that the respondent was a combination salesman and service man in the employ of said petitioner and had charge of its storeroom at Wewoka and received a monthly salary of $175 and 1 per cent. on all sales of $3,000 in volume in any month, and that in the performance of his duties he used a company car equipped with a drilling rack and chain hoist; that on February 10, 1935, at the direction and suggestion of his superiors in Oklahoma City, he drove the car to that point for the purpose of doing some billing and having the car appraised with the view to trading it in on a new car; that a satisfactory trade in price was not received, and the respondent suggested that he would probably be able to get a better offer at Seminole, Okla., and was advised by his superiors to have an appraisement made of the car as he returned home that evening and come back the next day and they would make some determination of the matters; that the respondent had his wife with him and they visited a short time in Shawnee and were on their way to Seminole when the respondent ran into the rear of a parked car and was severely injured. The nature and extent of the injury and the manner of its reception is not questioned by the petitioners. The petitioners before the commission challenged the jurisdiction of the commission to make any award, and they are now challenging the jurisdiction of the commission on the ground that the injury did not arise out of and in the course of the employment, and on the further ground that the award was erroneous for the reason that it failed to take into consideration the wages which were paid the respondent subsequent to his injury.

The State Industrial Commission has jurisdiction to award compensation only when the employer is engaged in one of the industries or businesses enumerated in the Compensation Act (Statutes 1931, sec. 13348, et seq.) (World Publishing Co. v. Deloe, 162 Okla. 28, 18 P. [2d] 1070); and when the employer is engaged in manual or mechanical labor of a hazardous nature (Enid Sand & Gravel Co. v. Magruder, 148 Okla. 67, 297 P. 271; K. C. Auto Hotel v. Caughey, 159 Okla. 204, 14 P. [2d] 1104; Lynch-Davidson Lumber Co. v. Root, 164 Okla. 218, 23 P. [2d] 716); and when the injury arises out of and in the course of employment (Lucky-Kidd Mining Co. v. State Industrial Com., 110 Okla. 27, 236 P. 600; Baker v. State Industrial Com., 138 Okla. 167, 280 P. 603). When the jurisdiction of the State Industrial Com-

mission to act is challenged, this court will not accept as conclusive the findings of the commission thereon, but will examine the evidence and record and make its own independent findings with respect thereto. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. (2d) 32.

Conceding, without deciding, that the petitioner Chicago Pneumatic Tool Company was engaged in a business or industry enumerated in the Workmen's Compensation Act, and that respondent's primary duties were manual and mechanical and of a hazardous nature, the question remains, Did his injury arise out of and in the course of his employment? As we have said in the case of Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P. (2d) 647:

"As used in the Workmen's Compensation Law of this state, the terms 'arising out of' and 'in the course of' are not synonymous, but are conjunctive terms; the words 'out of' referring to the origin and cause of the action, and the words 'in the course of' to the time, place, and circumstances under which it occurred."

An injury "arises out of" the employment when it results from a risk reasonably incident to the employment (Natol v. Booth & Flinn Co., 139 Okla. 103, 281 P. 264); and an injury is received in the course of employment when it comes while the workman is doing the duties which he is employed to perform (Consolidated Pipe Line Co. v. Mahon, 152 Okla. 72, 3 P. [2d] 844). The Workmen's Compensation Law is for the protection of the workers engaged in certain businesses and industries and was intended to cover the hazards incident to such employments and nothing more. When a worker is injured while so employed and the injury arises out of and in the course of such employment, the provisions of the law should be liberally construed in his favor. But no such presumption arises in favor of one not included in the terms of the act, and no sophistry should be indulged to bring within the provisions of the act any person who cannot rightfully claim its benefits. Harris v. Okla. Nat. Gas. Co., 91 Okla. 39, 216 P. 116; Beatrice Creamery Co. v. State Industrial Com., 174 Okla. 101, 49 P. (2d) 1094. As we read the record here, there was no causal connection between the condition under which respondent's work was performed and his injury, and neither was such injury received while the respondent was performing any of the duties which he was employed to perform. On the contrary, it clearly appears that it occurred independently of either and as a result of a common hazard. The trip to Oklahoma City and return had neither direct nor incidental connection with respondent's duties as a serviceman, and only remote connection with his duties as a salesman, but it appears that the purpose of the trip was for a collateral matter, to wit, the possible trading of the car in on another car. Applying the rules announced in the above cited cases to the facts shown in this record, we are of the opinion that respondent's injury neither arose out of nor in the course of his employment, and that hence the Industrial Commission was without jurisdiction to make any award in the premises. In view of the conclusions thus reached, we deem it unnecessary to discuss the other contention advanced by the petitioners. The award will be vacated, with directions to the State Industrial Commission to dismiss the claim.

Award vacated, with directions.

OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.