MASON LBR. CO. et al. v.
ANDRUSS et al.

No. 29960.   Jan. 21, 1941.

*110 P. 2d 605.*

Butler & Rinehart, of Oklahoma City, for petitioners.

Chandler, Shelton, Fowler & Swinford, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Mason Lumber Company, hereinafter referred to as petitioner, and its insurance carrier, to obtain a review of an award made by the State Industrial Commission in favor of Robert Wesley Andruss, hereinafter referred to as respondent.

The essential facts are not in dispute. The petitioner was engaged in the operation of two lumber yards. The respondent was the manager of one of said yards. The duties of the respondent were chiefly managerial and clerical and on occasion manual and mechanical; and while engaged in the performance of his manual duties, respondent sustained an accidental personal injury, the nature and extent of which is not in issue here. The petitioner contended before the State Industrial Commission and contends here that the respondent was not an employee entitled to claim compensation under the Workmen's Compensation Act (O. S. 1931, § 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.). The sole issue presented is one of law. Section 13349, O. S. 1931, 85 Okla. St. Ann. § 2, provides in part as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit . . . lumber yards . . . ."

And by subdivision 1, section 13350, O. S. 1931, 85 Okla. St. Ann. § 3, subd. 1, it is provided in part:

"Hazardous employment shall mean manual or mechanical work, or labor connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283 (13349) except employees engaged as clerical workers exclusively."

It will be observed that the protection afforded extends to all employees who perform manual or mechanical labor incident to the hazardous business and excludes employees who are engaged as clerical workers exclusively. This court has repeatedly held that where the duties of the employee are partly clerical and partly manual and mechanical, he is covered by the act irrespective of the fact that his duties may be for the most part of a clerical nature. New State Ice Co. v. Simmons,

183 Okla. 316, 82 P. 2d 302; Heinz Co. v. Wood, 181 Okla. 389, 74 P. 2d 353; Pawnee Ice Cream Co. v. Price, 164 Okla. 120, 23 P. 2d 168; Okla.-Ark. Tel. Co. v. Fries, 128 Okla. 295, 262 P. 1062. The rule being that where the injury sustained is in a hazardous employment, the duties of the employee must be in part manual and mechanical, and the injury must be one which arises out of and received in the course of the employment. See Chicago Pneumatic Tool Co. v. McGrew, 178 Okla. 439, 63 P. 2d 749; Seaman-Packard Lumber Co. v. Brown, 155 Okla. 200, 8 P. 2d 749; Enid Sand & Gravel Co. v. Magruder, 148 Okla. 67, 297 P. 271.

Under the record here presented the State Industrial Commission had jurisdiction to make the award, and no error of law is shown.

Award sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.