SOWINSKI v. STATE INDUSTRIAL COMMISSION et al.

No. 32155. Nov. 20, 1945.

Rehearing Denied June 11, 1946.

*169 P. 2d 752.*

Spillers & Spillers, of Tulsa, for petitioner.

Pierce & Rucker, Fred M. Mock, and John R. Couch, all of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. On the 15th day of November, 1944, Joseph J. Sowinski, hereinafter called petitioner, filed his first notice of injury and claim for compensation stating that while employed by the respondent, Spartan Aircraft Company, he sustained an accidental injury arising out of and in the course of his employment on July 19, 1944, when he was injured while flying a plane in connection with his duties as instructor of student pilots.

On the 22nd day of March, 1945, the State Industrial Commission denied an award for the reason that the petitioner was an instructor and found therein specifically that the order granting an award should be denied because the petitioner was engaged solely as an instructor in flying and not as a mechanic, 85 O.S. 1941 § 3 defines the classes of employees covered by the Workmen's Compensation Law and therein states that all employees engaged in the employments are covered, clerical workers excluded.

A number of cases have been cited by both petitioner and the respondents defining the term "worker" as used in the various jurisdictions under the Workmen's Compensation Law. Apparently for the purpose of determining this rather vexing question, our Legislature has seen fit, by the provisions of section 3, supra, to cover all employ-

ment and all employees listed in said employments with the exception of clerical workers. The petitioner was not a clerical worker and we have held that when the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of business or industry enumerated in and defined as "hazardous" by the Workmen's Compensatioon Law, such employee is both protected and bound by the provisions of said act notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous. Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P. 2d 846; Wallen v. Carricker, 180 Okla. 445, 70 P. 2d 100; H. J. Heinz & Co. v. Wood, 181 Okla. 389, 74 P. 2d 353; Ft. Smith Aircraft Co. v. State Industrial Com., 151 Okla. 67, 1 P. 2d 682.

The order denying the award is vacated and the cause is remanded to the State Industrial Commision for proceedings not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.