Cecil B. THOMASON, Petitioner,

v.

Pete MORRISON, d/b/a Yellow Cab Co., own risk; The Special Indemnity Fund; and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 37384.

Supreme Court of Oklahoma.

Dec. 17, 1957.

Rehearing Denied Feb. 18, 1958.

Charles E. Grounds, E. Keith Cooper, Seminole, for petitioner.

Bishop & Samples, Seminole, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

This is an appeal by Cecil B. Thomason, herein referred to as claimant, from an order of the State Industrial Commission, reversing an order of the Trial Commissioner of the Commission, allowing claimant temporary total disability for injuries suffered by claimant while employed by respondent, Pete Morrison, d/b/a Yellow Cab Company in Seminole, Oklahoma.

The record discloses that on May 5, 1955, while claimant was employed by respondent as a dispatcher and cab driver, he suffered an accidental personal injury at about 5:30 A.M. when a patron of the respondent by the name of Pete West came to the Yellow Cab Company office where claimant was serving as a dispatcher and requested credit, which claimant refused because he had no authority to extend credit when respondent was out of town. West was drinking and stepped out of the east door of the cab stand but continued to direct abusive language toward claimant, who stepped to the east door and asked him to leave, but West advanced toward claimant in a threatening manner. In an effort to defend himself, claimant turned quickly and fell out of the door against West, who shoved him to the ground and claimant's leg was seriously injured. There is no dispute about the extent of claimant's injuries and that he was serving as a dispatcher when injured. He claims that he was employed as a dispatcher and cab driver at times when respondent was in town, but respondent claims that the employment was limited to that of a dispatcher.

The Trial Commissioner found that at the time claimant was injured he was engaged in a hazardous employment for respondent within the terms and meaning of the Workmen's Compensation Law, 85 O.S. 1951 § 1 et seq. and awarded him temporary total disability and gave him compensation for twenty weeks, reserving the question of permanent partial disability and medical expense for further hearing. Respondent gave notice of appeal to the Commission en banc, where the order of the Trial Commissioner was reversed and vacated on the ground that claimant was not employed in a hazardous occupation when injured, within the meaning of the Workmen's Compensation Law.

Claimant submits only the following proposition, to-wit:

"The State Industrial Commission erred in holding, as a matter of law, that claimant was not employed in a hazardous occupation, as defined by the Workmen's Compensation Law."

In support of the above, claimant points out that 85 O.S.1951 § 2, provides that employment in the use of "* * * motor vehicles operating as motor carriers for the transportation of passengers or property for compensation. * * *" is an employment covered by the Workmen's Compensation Law, and cites Railway Express Agency v. Wooten, 194 Okl. 250, 149 P.2d 335, wherein the rule is expressed in the syllabus as follows:

"Employment with an express company which operates motor vehicles in connection with the delivery of merchandise for transportation is within the term 'motor vehicles operating as motor carriers for transportation of passengers or property for compensation.' 85 O.S.1941 § 2."

■ In a supplemental brief the respondent has submitted that the State Industrial Commission has no jurisdiction to enter an award in this matter because the record fails to show that respondent conducts his business in any incorporated city other than Seminole. This contention is based upon the fact that in Section 161(b), 47 O.S.1951, the term "motor carrier" when used in that Act means any one operating any motor vehicle upon a public highway for transportation of passengers or property for compensation "* * * doing an inter city business and not operating exclusively within the limits of an incorporated city or town within this State."

The above provisions are a part of the statutes covering "Motor Carriers" and the limitations above quoted are not found in 85 O.S.1951 § 2, covering hazardous employments covered by the Workmen's Compensation Law, which makes no requirement whatever for operating on public highways or within more than a single incorporated city or town. We find no merit in this contention.

■ The claimant testified that he was employed as a dispatcher and cab driver. His testimony is supported by that of Joe Young, a constable who had ridden with claimant as a paying passenger and had seen him driving a Yellow Cab many times. Bruce Dodd, a co-worker, testified that claimant drove a cab when respondent was in town. When Mr. Morrison was out of town for a few days he left claimant in charge of the operation of the cab business which required that he remain in the office while on duty.

Respondent denied that claimant was employed to do any driving and testified that he did none, other than driving to lunch or other personal missions. He did testify that claimant was employed "for dispatching, answering the telephone and sweeping the office out," and that a dispatcher was at the cab office twenty-four hours a day; that he never authorized claimant to drive a cab; but had left him in charge of the office each night while respondent was away three or four days, during which time the injury occurred; and that his principal duties as a dispatcher were answering the telephone, taking calls for cabs and by two-way radio calling a driver to tell him where to go, and writing down the price of the service, and that the dispatcher kept in

touch with each cab, but was not required to do any mechanical work.

There is a conflict of testimony as to what claimant was employed to do and what he actually did. Claimant cites the case of Pawnee Ice Cream Co. v. Price, 164 Okl. 120, 23 P.2d 168, where in the second paragraph of the syllabus it is said:

"Where the general terms of employment and duties of an employee require that he do manual or mechanical work or labor as occasion therefor arises, and he does do so in the regular course of his employment, although the general terms of his employment and his duties require that he devote the major portion of his time as a clerical worker, he is not an employee engaged as a clerical worker exclusively as excepted in section 7284, C.O.S.1921, as amended by chapter 61, section 2, Session Laws 1923 [85 Okl.St.Ann. § 3]. And such employee, if otherwise entitled thereto, will be entitled to compensation even though he may have been engaged in clerical work at the immediate time of his injury."

In the case before us claimant testified that at that time he was serving as a dispatcher, as he always did, when respondent was out of town. The Trial Commissioner heard the testimony of claimant and two other witnesses that claimant actually drove a cab at times, and respondent, the only witness who said that claimant was not employed to drive a cab and never drove one except on personal missions, testified that claimant had the duty of keeping the office cleaned. Janitor work, however light, would certainly constitute manual labor.

Claimant testified that just prior to his injuries and when the intoxicated Pete West stepped out of the door of the office that "I had started back to the back to get some water to mop the floor", which was evidently a part of his duty to keep the office cleaned, and manual labor which respondent testified was part of his duties while he was serving as a dispatcher.

In Pemberton Bakery v. State Industrial Commission, 180 Okl. 446, 70 P.2d 98, 99, it was announced in the second paragraph of the syllabus:

"When the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of business or industry enumerated in and defined as 'hazardous' by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous. Wilson & Co. v. Musgrave, 180 Okl. 246, 68 P.2d 846."

Again in Updike Advertising System, Inc., v. State Industrial Commission, Okl., 282 P.2d 759, 762, it is said in the body of the opinion that:

"* * * it is the nature of the employment in which the employee is engaged, rather than the specific act which he may be performing at the time of an injury, which determines his right or lack of right to compensation under the Workmen's Compensation Act. Pawnee Ice Cream Co. v. Price, 164 Okl. 120, 23 P.2d 168; Sheffield Steel Corporation v. Barton, 183 Okl. 624, 84 P.2d 17. * * *"

We conclude that claimant was employed by the respondent principally as a dispatcher but that incidental to such work he was required to perform some manual services which made him eligible for Workmen's Compensation for injuries received while so employed.

The order of the State Industrial Commission, sitting en banc, is ordered vacated with directions to reinstate the award and decision of the Trial Commissioner.

CORN, V. C. J., and JOHNSON, WILLIAMS and CARLILE, JJ., concur.

WELCH, C. J., and DAVISON, BLACKBIRD and JACKSON, JJ., dissent.