**The CITY OF TULSA, A Municipal Corporation, Petitioner,**

v.

**Roy William DAVIS and the State Industrial Court, Respondents.**

**No. 39933.**

Supreme Court of Oklahoma.

Oct. 9, 1962.

Charles E. Norman, City Atty., by Finis Smith, Tulsa, for petitioner.

Donovan & Rogers, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Vice Chief Justice.

Roy William Davis, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by the City of Tulsa he sustained an accidental injury arising out of and in the course of his employment on the 22nd day of February, 1961, when he fell from a chair on to a concrete floor. An award for temporary disability was entered and the City of Tulsa, own risk hereinafter called petitioner, has brought this proceeding to review the award.

The evidence discloses that claimant was employed in the water and sewer department. Since petitioner argues claimant had no duties to perform in the water department, for the purposes of this opinion, we will assume that claimant was employed at the time in the sewer department of petitioner, where his duties were to inspect pipe used by independent contractors in the construction of the sewers of the petitioner. While waiting to see if any inspection was to be done that day he was in a room used and occupied for this purpose on the premises of petitioner when he sustained his injury.

It is first argued that claimant's employment is not one of those listed and

defined as hazardous by the Workmen's Compensation Act. 85 O.S.1961 §§ 2 and 3. We have held that a municipality is liable under the Workmen's Compensation Act where, in its proprietary capacity, it is engaged in one of the lines, employments, or industries defined as hazardous by 85 O.S.1961 §§ 2 and 3. Board of County Commissioners of Tulsa County v. Bilby, 174 Okl. 199, 50 P.2d 398; Payton v. City of Anadarko, 179 Okl. 68, 64 P.2d 878; Montgomery v. State Industrial Comm., 190 Okl. 439, 124 P.2d 726. A municipality is acting in a proprietary capacity in the maintenance and repair of sewers. Spaur et ux. v. City of Pawhuska, 172 Okl. 285, 43 P.2d 408. We therefore hold that, in the construction of the sewers of the City of Tulsa, petitioner was acting in a proprietary capacity, and, as such, was within the terms of the Workmen's Compensation Act.

■ It is next argued that claimant was an inspector, and not doing work of a manual or mechanical nature. We do not agree. The evidence shows claimant did work of a manual or mechanical nature, and the trial judge so held. If the employment is one of the lines or industries listed by the Workmen's Compensation Act, Secs. 2 and 3, supra, and the employee is injured while doing something incident to, and connected with, that employment, he is covered and protected by the Workmen's Compensation Act. Section 3, supra. Sowinski v. State Industrial Comm., 197 Okl. 240, 169 P.2d 752; Nash Finch Co. v. Harned, 141 Okl. 187, 284 P. 633. In Sowinski v. State Industrial Comm., supra, we said:

"A number of cases have been cited by both petitioner and the respondents defining the term worker as used in the various jurisdictions under the Workmen's Compensation Law. 85 O.S.1941 § 1 et seq. Apparently for the purpose of determining this rather vexing question our legislature has seen fit, by the provisions of section 3, supra, to cover all employments and all employees listed in said employments, with the exception of clerical workers.

The petitioner was not a clerical worker and we have held that when the work of an employee is manual or mechanical and is connected with, incident to, and an integral part of business or industry enumerated in and defined as 'hazardous' by the Workmen's Compensation Law, such employee is both protected and bound by the provisions of said act notwithstanding the fact that such work may be performed in a room or place or under conditions not inherently hazardous. * * *"

Petitioner cites and relies on City of Tulsa v. Hunt, 164 Okl. 262, 23 P.2d 640, wherein a plumbing inspector for the City of Tulsa was held not employed in a compensable employment. The City of Tulsa was not operating a plumbing department nor was claimant an employee of an independent contractor building, or constructing, anything in connection with the plumbing department of the City of Tulsa. The case is not in point. We have examined the other cases cited by petitioner and find them not controlling. The claimant was injured while engaged in one of the employments specifically listed by sections 2 and 3, supra, to-wit: "construction work" on "sewers".

■ Finally it is argued that there is no competent evidence reasonably tending to support the finding that claimant was totally temporarily disabled as the result of an accidental injury. There is substantial evidence to support the finding that claimant sustained an accidental injury. In fact there was no substantial conflict in the evidence in this respect. Petitioner resisted the attempt to establish that the temporary disability resulted from the accidental injury, but sought chiefly to show that claimant was not totally temporarily disabled. The record discloses that claimant has not performed any gainful occupation since June 6, 1961. We are of the opinion the evidence introduced by claimant is sufficient to establish the disability. Petitioner offered no medical witness to refute the claim that claimant was temporarily

totally disabled by reason of the accidental injury. The case is controlled by City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P. 2d 1094; Fullhart Maytag Co. v. Stapleton, Okl., 356 P.2d 350; and Oklahoma Gas & Electric Co. v. State Industrial Court, Okl., 366 P.2d 609. In the latter case we said:

"A physician's opinion need not be given in categorical terms nor in the precise language of the statute, and an award of the State Industrial Court rests on competent evidence when it is supported by the general tenor and intent of the medical testimony."

Award sustained.