Clarence **HIERONIMUS**, Petitioner,

v.

**PHILLIPS PETROLEUM COMPANY** and
the State Industrial Court, Respondents.

No. 43285.

Supreme Court of Oklahoma.

Nov. 4, 1969.

Gene Stipe, McAlester, for petitioner.

Wm. J. Zeman, Lloyd G. Minter, Bartlesville, Edward J. Fauss, Richard Stewart, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

BERRY, Vice Chief Justice.

This is an original proceeding to review an order of the State Industrial Court denying the petitioner, claimant below, benefits under the provisions of the Oklahoma Workmen's Compensation Act.

Parties will be referred to as they appeared before the State Industrial Court. Respondent is engaged in the petroleum business operating gasoline plants, refineries and other plants connected with the manufacture of petroleum products. The general business of the respondent is "hazardous" within the provisions of 85 O.S. 1961, §§ 2 and 3 of the Oklahoma Workmen's Compensation Act. Respondent

carried its own risk as an employer and therefore the theory of estoppel provided for in 85 O.S.1961, § 65.2 is not involved.

In denying the compensation claim of the claimant, the State Industrial Court held:

"That claimant was not engaged in a hazardous occupation under the Oklahoma Workmen's Compensation Law at the time of his injury alleged herein, and claimant's claim should be denied for lack of jurisdiction of this Court."

Claimant contends that the order of the State Industrial Court is not sustained by the evidence and is contrary to the evidence. The solution of the contention presented requires a review of the factual situation presented as shown by evidence submitted at the trial.

Claimant testified at the time of the alleged injury he was employed by respondent as Mid-Continent Region Gasoline Operations Superintendent and supervisor of respondent's gasoline operations and plants. His duties required visiting each plant one or more times each week for the purpose of supervising operation of the plant. When he was visiting the plants claimant wore a hard or safety hat required by respondent's safety regulations. If an emergency arose during a plant visit he would voluntarily perform simple acts of manual labor. Such acts had been performed on four occasions prior to date of the accident. Admittedly performance of manual labor was not part of his regular duties, and no official of respondent company had required him to perform manual labor.

Sometime prior to the date of the alleged accident a plant operated by respondent known as the Bradley plant near Lindsay, Oklahoma, was damaged by fire and claimant was supervising the rebuilding of the plant. A few days prior to the date of the alleged accident claimant's immediate supervisor suggested that he "go to Lindsay to look into this rebuilding and reconstruction of the Bradley plant."

Claimant testified on the day of the accident his wife drove him to pick up a company car assigned to him. He secured the company car and started to drive to Lindsay "to look into" the work being done in reconstructing respondent's plant. He was wearing a "hard hat" and work clothing. At the intersection of Twelfth Street and May Avenue, Oklahoma City, his car was involved in a collision with another automobile. Claimant sustained injuries in the collision and was confined in the hospital for about seven days. Claimant returned to work for the respondent on the 8th day after the accident.

Claimant's immediate supervisor testified claimant's duties were supervising, and he was not required to perform manual labor. If manual labor was required it was claimant's duty to assign the work to others under his supervision. At no time had claimant been directed to perform manual labor. Work summaries of the claimant were submitted in evidence. No references are made in these summaries to claimant's having been required to perform, or having performed, manual labor.

We have held in several cases that to secure benefits of the Workmen's Compensation Act an insured workman must, at time of injury, be engaged not only in a hazardous employment but also in the performance of manual or mechanical work or labor. Enid Sand & Gravel Co. v. Magruder, 148 Okl. 67, 297 p. 271; McQuiston v. Sun Co., 134 Okl. 298, 272 p. 1016; Terminal Oil Mill Co. v. Wilson, 165 Okl. 103, 25 P.2d 294; Lynch-Davidson Lumber Co. v. Root, 164 Okl. 218, 23 P.2d 716; K. C. Auto Hotel v. Caughey, 159 Okl. 204, 14 P.2d 1104.

Respondent urges the syllabus rule in City of Tulsa v. Davis, Okl., 376 P.2d 282, is decisive of the instant matter. The rule there stated requires (1) the employee's work to be manual or mechenical; (2) connected with, incident to, and an integral part of the business defined as hazardous. In Davis, supra, claimant was engaged in a covered employment, actually engaged

in performing work of a manual or mechanical nature, and was injured while doing something incident thereto. The differentiation between Davis, supra, and the present case is found in the fact claimant's duties did not include performance of manual or mechanical labor, and admittedly he had not been directed to perform such work in connection with his employment.

The facts in Magruder, supra, are quite similar to those presented here. Magruder was president and general manager of respondent gravel company. His duties were of a supervisory nature, "to make the plant operate in the most economical way." On some occasions while inspecting the gravel plant he performed manual work and assisted in the operation of a pump. He sustained injuries in a collision between his automobile with another vehicle on the streets of Enid, away from the gravel plant. We vacated an award of the Industrial Court allowing compensation, holding that at the time of injury he was not engaged in manual work of a hazardous nature.

■ The evidence as to the claimant at any time during the course of his employment being engaged in work of a manual or mechanical nature is conflicting. The evidence justifies holding that claimant was at no time required to perform work of a manual or mechanical nature. In denying the claim the Industrial Court so held, and its holding is sustained by competent evidence.

■ In any event, we have held in many cases that an injured employee is not entitled to recover compensation benefits if injured while performing tasks not coming within the provisions of the Act, although, on other occasions he may perform work for his employer coming within the provisions of the Act. The test to be applied is not what he did on other occasions. but what he was doing at the time he contends he was injured. Teaney v. State Industrial Court, Okl., 458 P.2d 151, and cases cited therein.

There is no evidence that at the time of the accident claimant was on his way to perform manual or mechanical work for respondent. He testified that he was supervising the reconstruction of the plant for the respondent and was on his way to "look into" the reconstruction work.

The order of the State Industrial Court denying claimant Workmen's Compensation benefits is sustained by reasonable competent evidence, and is in accord with the law as declared by this Court in prior decisions.

Order sustained.

All Justices concur.